## STODDARD MANUF'G CO. v. MATTICE.

1. Where defendant loses no substantial right thereby, and such order would have been made if regularly applied for, the court may, in its discretion, and upon giving proper notice, even after suit has been commenced, grant plaintiff the right to sue required by Comp. Laws, § 4831, which provides that no action shall be maintained on a judgment without leave of the court being first obtained.

2. Where the judgment recited that the summons had been personally served on defendant, and his acknowledgment of such service was indorsed thereon, it sufficiently appears that the service was properly made, though the acknowledgment failed to state the place of service.

3. On collateral attack it will be presumed that a court of general jurisdiction, rendering a judgment, obtained jurisdiction by a summons served within its jurisdictional limits.

4. A denial, on information and belief, that plaintiff is a corporation, is not sufficient to put in issue the question of plaintiff's corporate existence, under Comp. Laws, § 2908, providing that it shall not be necessary to prove such corporate existence on the trial of a cause, "unless the defendant shall in his answer expressly aver that the plaintiff * * * is not a corporation."

(Opinion filed Nov. 9, 1897.)

Appeal from circuit court, Roberts county.. Hon. J. O. ANDREWS, Judge.

Action on a default judgment. Plaintiff had judgment, from which, and from an order denying his motion for a new trial, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Howard Babcock*, for appellant.

*J. J. Batterton* and *Jno. A. Munro*, for respondent.

FULLER, J.    This action, based upon a default judgment of $568.05, entered on the 30th day of May, 1885, in favor of the plaintiff and against the defendant in a cause' pending in the territorial district court, resulted in a judgment for plaintiff, from which, and an order overruling a motion for a new trial, the defendant appeals.

The action was commenced without leave of the court as required by Section 4831 of the Compiled Laws, and the first assignment of error relates to a *nunc pro tunc* order entered by the trial court after issue was joined, granting respondent leave to sue as of a date prior to the institution of the suit.    As the manifest object of the legislature was to prohibit the suing upon judgments for the purpose of oppressing debtors by multifarious litigation and the needless accumulation of costs, the failure to obtain leave to sue is not made jurisdictional, but a mere irregularity, which in the absence of harassing circumstances was very properly cured by the order under consideration, granted upon notice to counsel for appellant, and by a court having jurisdiction of the persons and subject-matter of the action.    Appellant lost no substantial right by the order, and there is no valid reason why a court may not, in furtherance of justice and in the exercise of a sound discretion, manifest its consent to the prosecution of a cause which shall operate retroactively, and thereby obviate the necessity of dismissing the action for the sole purpose of applying to the court for leave to again institute his suit just as before.    Church v. Van Buren, 55 How. Prac. 489; Lane v. Salter, 4 Rob. (N. Y.) 239; McKernan v. Robinson, 84 N. Y. 105.

The only proof of the service of process shown by the judgment roll in the former action. and which was admitted in evidence over the objection of appellant's counsel, is contained in the following admission over the signature of appellant indorsed on the back of the summons, "I hereby acknowledge service of the within summons and complaint this 25th day of April, 1885," together with a recital contained in the judgment to the effect that the summons, with a copy of the complaint in the action, had been personally served on the defendant, George E. Mattice, more than 30 days prior thereto, and that no answer or demurrer to the complaint had been served, and no appearance had in any manner been made by said defendant.    One of the statutory methods of establishing the fact that a summons

has been served (Comp. Laws, § 4903) is by the written admission of the defendant, stating the time, place and manner of service; and counsel for appellant contends that the territorial district court never acquired jurisdiction in the former action, and that such fact affirmatively appears by the record upon which respondent relies. The failure to state the place where the defendant admitted service of the summons is the only prominent irregularity, and the recitals of the judgment as to service appear to be sufficient. In any event, as against a collateral attack, every fact essential to the authority of a court of general jurisdiction to render such judgment is presumed, including the fact of service within proper limits as to place, and the position of counsel is therefore not tenable. Bromley v. Smith, 2 Hill, 517; Crowley v. Wallace, 12 Mo. 90; Baker v. Chapline, 12 Iowa, 204; White v. Bogart, 73 N. Y. 256; Crane v. Brannan, 3 Cal. 193; Drake v. Duvenick, 45 Cal. 455; Kipp v. Fullerton, 4 Minn. 478 (Gil. 366); Skillman v. Greenwood, 15 Minn. 102 (Gil. 77). As the record does not show as a matter of fact that the judgment was obtained without legal service of the summons, the recitals thereof, and the presumption in its favor, must prevail, in the absence of any affirmative showing that the court never acquired jurisdiction of the person of the defendant.

It is stated in the complaint that all the times hereinafter mentioned plaintiff was a corporation, and as no issue with reference thereto was tendered by the defendant's denial of such allegation on information and belief, no evidence of that fact was required, and counsel's contention with reference to that point is without merit. Comp. Laws, § 2908.

Our conclusion is that the record presents no reversible error, and the judgment appealed from is affirmed.