JOHNSON, Receiver, et al, Appellants, v. BUTLER et al, Respondents.

(170 N. W. 140).

(File No. 4477.    Opinion filed Dec. 31, 1918).

(1).   Actions—Attempt to Commence, Delivery of Summons, Time of Service—Limitations, When Begins—Statutes.

Under Code Civ. Proc., Sec. 103, providing that civil actions shall be commenced by service of summons, and Sec. 68, providing that an attempt to commence an action is deemed equivalent to commencement thereof, when summons is delivered with intent that it shall be actually served to the shériff, etc., but that such attempt must be followed by service thereof within 60 days, held, that in order to prevent running of statute of limitations after delivery of summons it must have been served within 60 days after receipt by sheriff.

(2).   Limitations—Suit on Note, Delivery of Collaterals, Date of Collection Of, Evidence, Findings, Wanting, Effect—Superfluous Reply, Effect, Re Evidence.

Where, in a suit on a note, defendants pleaded in defense that at time of giving note, certain collaterals were turned over, plaintiffs by reply admitting receipt of the collateral accounts and alleging they were collected and applied on the note in a certain year, there being no proof, and no finding, as to when they were collected, held, that, such reply being superfluous, and its only effect being to bind plaintiffs by any admissions therein against their interest, while, even if properly interposed, such reply was deemed controverted (Code Civ. Proc., Sec. 145), trial court did not err in refusing to find time when collateral accounts were collected, and no proof existed of any payment that would toll the statute.

(3).   Limitations—Deed of Realty to Third Person for Return of Note, Whether an Acknowledgment Tolling Statute.

The deeding of realty by maker of the note in suit, to a third person upon consideration of cancellation and return of the note, was not a written acknowledgement sufficient to toll statute of limitations; since the deed, not referring to the note, did not amount to acknowledgement of an existing debt; the distinction between proof of payment and proof of written acknowledgement of debt, being wide.

Appeal from Circuit Court, Corson County.  Hon. Raymond L. Dillman, Judge.

Action by Frank H. Johnson, as Receiver of the First National Bank, a corporation, and the First National Bank of Bristol, a corporation, against Kate Butler and L. L. Butler, to recover upon a promissory note.  From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal.  Affirmed.

*W. F. Bruell,* for Appellants.

*Campbell & Walton,* for Respondents.

(1) To point one of the opinion, Appellants cited:

Riley v. Riley, 141 N. Y. 409; Hayton v. Beason, (Wash.) 71 Pac. 1019; Kingsley v. Clark, (Colo.) 141 Pac. 464.

Respondents cited:

Clare v. Lockard (N. Y.), 9 L. R. A. 547.

(2) To point two, Appellants cited:

Bosler v. MacShane, (Neb.) 110 N. W. 726; Sornberger v. Lee, (Neb.) 15 N. W.

Respondents cited:

Wolford v. Cook 71 Minn. 77; 73 N. W. 706; 70 Am. St. Rep. 315; Note to Ann. Cas. Vol. 14, page 980.

(3) To point three, Appellants cited:

Doran v. Doran, 123 N. W. 996. Ia.; Stewart v. Garret, 57 American Reports, 333.

Respondent cited:

17 R. C. L. 909, and cases cited; Wood on Limitations, p. 407, Sec. 79; Sec. 64.

WHITING, P. J.  Action to recover on promissory note given by defendants to plaintiff bank.  Plea of payment, and also that action was barred because not brought within six years from date right of action accrued.  Trial to court without a jury.  Findings of facts bearing upon both defenses, but conclusion only upon second plea.  This conclusion was in favor of defendants.  Appeal from judgment and order denying a new trial.

[1] Note was due 12—1—1911; summons and complaint were issued 11—27—1917; and on 11—28—1917, were placed in hands of sheriff of the county wherein defendants resided.  There was personal service of summons and complaint on 2—6—1918, more than 60 days after they came into hands of sheriff.  Under our Code (section 103, C. C. P.) this action was not commenced until

the summons was served, but appellants contend that the statute of limitations had not run because of section 68, C. C. P., which provides that:

"An attempt to commence an action is deemed equivalent to the commencement thereof, when the summons is delivered, with the intent that it shall be actually served, to the sheriff * * * of the county in which the defendants * * * usually or last resided."

But appellants entirely ignore the last part of said section 68 which provides:

"But such an attempt must be followed by * * * the service thereof, within sixty days."

This section is in effect identical with section 399 of the New York Code, and it is clear that it means just what it says, and therefore that, in order to prevent the running of the statute of limitations after the delivery of this summons, such summons must have been served within 60 days after it was received by the sheriff.

[2] Appellants further contend that the statute of limitations was tolled because of certain payments made on the note. In their complaint, appellants pleaded no payments. Respondents pleaded that, at the time of giving the note, they had turned over certain accounts as collateral thereto. Appellants replied, admitting the receipt of such accounts, and alleging that they were collected and applied upon the note in the year 1912. There was no proof as to the time of the collection of such accounts, and the court made no finding as to such time, but appellants now contend that the receipt of money on these collaterals and application of same on the note tolled the statute of limitations. The reply was a superfluous pleading, entirely uncalled for, and its only effect was to bind appellants by any admission therein that was against appellants' interest. The allegation as to time of payment of such collateral, even if such reply had been properly interposed, was necessarily considered by the trial court as controverted by respondents. Section 145, C. C. P. It follows that the trial court did not err in refusing to find the time when the collateral accounts were collected; and it therefore also follows that there was no proof of any payment made at a time that would toll the statute. We do not wish to be understood as intimating any opinion that

the receipt of money on a collateral could toll the statute. In view of the record before us we are not called upon to pass on that question.

[3] Respondents alleged and offered testimony to prove that some considerable time after the note became due, they, at the request of the cashier of appellant bank, deeded certain real property to a third person, the agreed consideration for such deed being an agreement to cancel and return the note. While, for reasons we are not called upon to discuss, appellants contend that this attempted payment of the note was ineffective, they nevertheless contend that it was such a written acknowledgment of the debt evidenced by the note as was sufficient to toll the statute of limitations. There is absolutely no merit in this contention. It is not shown that the deed in any manner whatsoever referred to this note; it did not therefore amount to any written acknowledgement of an existing indebtedness. There is a wide distinction between proof of payment and proof of written acknowledgment of debt. A check may be given in payment of a part of a debt, and such *payment* have the effect of tolling the statute of limitations as to the remaining indebtedness evidenced, and yet such check contain no word evidencing any *acknowledgment* of the existence of the note or of any indebtedness.

The trial court correctly held that this cause of action had been barred by the expiration of the six years that had elapsed after the note fell due, and prior to the commencement of this action. It follows that the judgment and order appealed from should be, and they are, affirmed.