RATHJE, Respondent, v. KAUFMANN, Appellant

(34 N. W.2d 494.)

(File No. 9001. Opinion filed November 16, 1948)
Rehearing Denied Dec. 28, 1948.

**Everett A. Bogue,** of Vermillion, for Appellant.
**Fred D. Shandorf,** of Mitchell, for Respondent.

SMITH, J. This action upon a domestic judgment was brought without leave of court in contravention of SDC 33.0105. A few days after its commencement the twenty-year period of limitation upon the right to bring an action on a judgment as fixed by SDC 33.0232(1) (a) elapsed. After the statute of limitations had run defendant moved the court for an order dismissing the action because it had been brought without leave of court, and plaintiff moved the court for an order nunc pro tunc granting leave to bring the action. These motions were heard together. By a single order the court authorized the brining of the action as of the date of its commencement, and denied defendant's motion for dismissal. We granted defendant's petition for permission to appeal. By an appropriate assignment he presents the trial court's order for review.

By SDC 33.0105 it is provided: "No action shall be brought upon a judgment rendered in any court of this state * * * between the same parties, without leave of court for good cause shown, on notice to the adverse party * * *."

The foregoing statute was considered by this court in Stoddard Mfg. Co. v. Mattice, 10 S. D. 253, 72 N. W. 891, wherein it was written: "The action was commenced without leave of court as required by section 4831 of the Compiled Laws and the first assignment of error relates to a nunc pro tunc order entered by the trial court after issue was joined, granting respondent leave to sue as of a date prior to the institution of the suit. As the manifest object of the legislature was to prohibit the suing upon judgments for the purpose of oppressing debtors by multifarious litigation and the needless accumulation of costs, the failure to obtain leave to sue is not made jurisdictional, but a mere irregularity, which in the absence of harrassing circumstances was very properly cured by the order under consideration, granted upon notice to counsel for appellant, and by a court having jurisdiction of the persons and subject-matter of the action. Appellant lost no substantial right by the order, and there is no valid reason why a court may not, in furtherance of justice and in the exercise of a sound discretion, manifest its consent to the prosecution of a cause which

shall operate retroactively, and thereby obviate the necessity of dismissing the action for the sole purpose of applying to the court for leave to again institute his suit just as before."

In the case of Wright v. McKenzie, 55 S. D. 300, 226 N. W. 270, 271, the statute was considered again. In that case a default judgment had been taken in an action, brought without leave of court, upon a domestic judgment. Thereafter an execution was issued upon the judgment so taken by default, and property was sold. The question for decision was whether the execution sale was rendered ineffective because founded upon an action which had been brought without the prescribed leave of court. The opinion of the court reads in part as follows: "Respondent argues that leave to bring suit on a domestic judgment of the circuit court is jurisdictional, but so long a time has passed since the decision of Stoddard Mfg. Co. v. Mattice, [supra], without any modification of its language by subsequent decisions or legislative enactment, the court is now reluctant to reconsider the holding that leave to bring such an action is not jurisdictional and that failure to comply with the statute is a mere irregularity. In this conclusion the court is influenced by the possibility that, in a period of 32 years, titles may have changed hands, and defects therein may have been ignored in reliance upon the decision that lack of leave to sue on a domestic judgment is not jurisdictional.

"What then is the effect of the rule, thus declared, on the case at bar, where no order allowing the bringing of action was obtained either before or after commencement of action on the judgment? To this proposition there can be but one answer. The complaint on the judgment stated a cause of action. Service of process conferred jurisdiction over the person and subject-matter. Neither by pleading, objection, nor motion was any protest of defendant McKenzie brought to the attention of the court. Within its jurisdiction of the person and subject matter, the court entered no judgment. No appeal was taken. No motion was made for relief from the default or other proceeding timely had to question the propriety of the judgment. Within the scope of principles declared in Stoddard Mfg. Co. v. Mattice [supra], therefore, we conclude that, in the ab-

sence of objection for lack of leave to sue on the judgement of October 16, 1911, or motion timely made to vacate the same, the judgment of appellant, Slettebak, against respondent, McKenzie, of July 18, 1922, became conclusive after time for appeal expired, and that respondent cannot now question the validity of the certificate of the execution sale, of his interest in real estate based thereon."

The defendant accepts these pronouncements as settling the law of this jurisdiction, and he impliedly admits that this record establishes the right of plaintiff to the consent of the court had she applied before her action was commenced. Nevertheless, he contends, "However, * * * at the time defendant made his motion for dismissal of plaintiff's complaint, and at the time plaintiff made application to the court for leave to sue and requested that the court enter a nunc pro tunc order granting such leave as of a time prior to the commencement of the action, more than twenty years had elapsed since the date of the original judgment or the date of its filing. It is plain, and needs no citation of authority, that had plaintiff's complaint been dismissed and had plaintiff then proceeded to obtain leave to bring an action upon the judgment, a plea of the Statute of Limitations would have been a valid defense to plaintiff's application for leave to sue so that the trial court, by making its nunc pro tunc order, has deprived the defendant of that defense, and has deprived the defendant of a substantial right by the entry of its order nunc pro tunc."

A similar argument was presented to the court in McLaughlin v. West End St. R. Co., 186 Mass. 150, 71 N. E. 317, in challenging a ruling permitting an amendment, and the court responded, "But the fact that a claim would be lost if an amendment was not allowed has often been considered an additional reason for allowing one, if in other respects the case was within the rule permitting amendments." And elsewhere it is written: "and the fact that an amendment would protect a party from the operation of the statute of limitations, instead of being a reason against allowing the amendment, rather favors it." 54 C. J. S., Limitations of Actions, § 279, page 320. These expressions are apposite here.

The trial court is clothed with power to supply omissions in any proceeding. SDC 33.0108. Whether, in the undisputed circumstances, it exercised a sound judicial discretion is the question presented.

A defense predicated upon the statute of limitations is considered meritorious and is not regarded with disfavor by this court. F. M. Slagle & Co. v. Bushnell, 70 S. D. 250, 16 N. W.2d 914, 156 A. L. R. 1070. However, that defense has never accrued in the case at bar because, although irregularly commenced, an action was commenced before the statute had run. Within the ambit of the purposes which motivated the enactment of SDC 33.0105, supra, it is established that no reason existed at any time which would have justified a court in refusing leave to commence that action. Therefore, unless a different ruling was required because of the prospective defense of the statute of limitations which would accrue if plaintiff were to be required to commence anew, the court did not err in curing what has been determined to be a mere irregularity by supplying the omitted consent. In such circumstances, as indicated by the authorities quoted supra, instead of the statute of limitations being a reason for granting defendant's motion for dismissal, it supplied the court with an additional sound reason for correcting the existing irregularity by indicating a present consent to the commencement of the action. Carlon Church v. Charles Van Buren, 55 How. Pr. 489. In the interests of justice, the ruling of the court was impelled.

The order of the trial court is affirmed.

All the judges concur.