In Re SWANSON'S ESTATE

AMUNSON, Respondent, v. HOVELSRUD et al., Appellants

(42 N. W.2d 228)

(File Nos. 9097-9100. Opinion filed March 28, 1950)

**T. R. Johnson,** Sioux Falls, for Executors.
**J. H. Lammers,** Madison, for Claimant.

SMITH, J.   Henry E. Swanson died testate in April 1948.  In response to a notice to creditors duly published Gertrude Amunson filed her claim against the estate of said deceased in the total sum of $11,004 as follows:   To services rendered, personal care given, room, board, laundry, and other incidentals furnished by the claimant to the deceased from March 1, 1920 to and until March 1, 1942, at $25 per month $6600, and to like services, etc., to the deceased from March 1, 1942, to and until April 12, 1948, at $60 per month $4404.   Thereafter such proceedings were had in the county court of Lake county as resulted in the allowance to the claimant of $6740 as follows: for 6 years at $60 per month, $4320, and 242 months at $10 per month $2420.

An appeal was taken by the executors to the Circuit Court, Second Judicial Circuit, Lake County, South Dakota, and trial de novo was had before the Hon. John T. Medin without a jury.  The controlling findings read as follows:

"That the claimant, Gertrude Amunson, performed services for and on behalf of the said Henry E. Swanson during his lifetime from March 1, 1920, to April 12, 1948; that such services were in the nature and kind as a housekeeper, hired girl, and nurse, and consisted principally of personal care, room, board, laundry, nursing, and other incidentals, and that said services were rendered at the home of said claimant on a farm near Wentworth, Lake County, South Dakota.

"That said services were continuous and during the entire period of time from March 1, 1920, and to and until April 12, 1948, the latter being the date of death of the said Henry E. Swanson.

"That there was an agreement or understanding between the claimant and the decedent that claimant should and would be paid for her services, and that the decedent during his lifetime and while said services were being rendered by the claimant promised to pay said claimant for such services rendered by her.

"That no fixed time for payment was determined or agreed upon by and between said claimant and the said Henry E. Swanson, and that no stipulated amount was ever agreed upon, and that the services rendered by claimant for the said Henry E. Swanson were not for any fixed period or term of employment, but continued from day to day during the period of March 1, 1920, to and until April 12, 1948.

"That the services rendered by the claimant, Gertrude Amunson, for the said Henry E. Swanson during the period of April 12, 1942, to April 12, 1948, were reasonably worth the sum of $60 per month or the total of $4320, and that the services rendered by the claimant, Gertrude Amunson, for the said Henry E. Swanson, during the period of March 1, 1920, to April 12, 1942, were reasonably worth the sum of $25 per month, or the total of $6636, and that no payment was made on said claim at any time by the said Henry E. Swanson to the said Gertrude Amunson.

"That the claimant, Gertrude Amunson, is a niece of the said Henry E. Swanson, and that said Henry E. Swanson was a bachelor and never married.

"That the said Henry E. Swanson during the later years of his life and over a period of at least six years prior to his death was not in good health and required more time, effort, attention, and care than during years previous thereto, and that the said Gertrude Amunson, besides rendering the ordinary services hereinbefore referred to and described, acted as a practical nurse for the said Henry E. Swanson and carried out instructions and directions given by the doctors attending the said Henry E. Swanson relative to his diet, the giving of medicines and enemas, and such other care as was necessary and required for the comfort of the said Henry E. Swanson."

"That the claimant, Gertrude Amunson, is entitlted to receive of and from the estate of Henry E. Swanson, deceased, the sum of $4320, for services rendered, as a housekeeper, hired girl, nurse, and otherwise, as enumerated in the foregoing findings of fact for the period of April 12, 1942, to April 12, 1948, plus interest thereon at the rate of six per cent per annum from April 12, 1948, and that her claim against said estate is entitled to be allowed of and for said sum.

"That the services rendered by claimant for the said Henry E. Swanson during the period of time of March 1, 1920, to April 12, 1942, were and are reasonably worth the sum of $6636, but that the claimant is not entitled to receive said sum or any part thereof for the reason and upon the ground that recovery thereof is barred by the statutes of limitation of the State of South Dakota, and that said claim of and for said amount cannot and should not be allowed."

From the judgment entered pursuant to the foregoing findings and conclusions, two appeals ensued. The claimant appealed and under appropriate assignments assails the conclusions of law last quoted which held that portion of her claim founded on services rendered prior to 1942 to be subject to the bar of the statute of limitations. On the other hand, the executors appealed and contend that the two-year statute of limitations, dealing with claims for wages enacted by Ch. 153, Laws of 1947, is applicable and

therefore the conclusion of law first quoted is erroneous. Neither appellant questions the findings.

■ ■ A civil action can be commenced only within the period prescribed by the applicable statute of limitations after the cause of action shall have accrued. SDC 33.0201. In the light of this rule the claimant asserts that the findings invoke a principle pronounced by many courts, to-wit: that where services are continuously rendered over an extended period of time under an express or an implied contract which does not fix the term of employment nor the time when compensation shall be payable, the contract is entire and the employee's right of action accrues and the statute of limitations begins to run when, and only when, the services are fully performed or the employment otherwise terminated. 54 C.J.S., Limitations of Actions, § 133, p. 51; Annotation 7 A.L.R.2d 198, at page 200. In this view claimant's cause of action for services, board and room over the period from 1920 to decedent's death did not accrue until April 12, 1948.

This contention must be considered in the light of SDC 17.0503 reading: "In the absence of any agreement or custom as to the rate or value of wages, the term of service, or the time of payment, a servant is presumed to be hired by the month at a monthly rate of reasonable wages, to be paid when the service is performed."

■ ■ We are persuaded that the principle upon which claimant stands is sound, and we think it is applicable here even though board and room, as well as wages, are involved. That there was an agreement for compensation is settled by an unquestioned finding. In addition the findings reveal that Miss Amunson continued throughout twenty some years to provide and serve, although she had not been paid, and Henry E. Swanson, who was able to pay, continued to accept her provision and service without making any payments to her, and that this situation which had obtained for all those years persisted to the moment of Swanson's death. From these facts, we deem it logical to infer or imply an understanding that payment was to await the termination of the services. It would be unreasonable to infer an intention that the relation of these parties should con-

tinue from day to day, week to week, month to month, year to year, during such an extended period on a basis which would not enhance the claim Miss Amunson could enforce against Mr. Swanson. They would not intend that she should continue to serve and provide, and he to continue to receive her services, if as each new act or period of service was performed her right to collect for a like act or period of service was to be cut off by the statute of limitations. Hence, it is logical, in such a case, to imply an entire agreement under which compensation was to be paid as of the termination of the relation of the parties.

■ In the circumstances disclosed by the findings, we are of the opinion that SDC 17.0503 is without controlling force. This statute creates a presumption which is operative in the absence of the proof of facts which will support a contrary inference. It is impotent in the presence of a prima facie evidence of either an express or an impiled agreement of a different character. Peters v. Lohr, 24 S.D. 605, 124 N.W. 853; Honrath v. New York Life Ins. Co., 65 S.D. 480, 275 N.W. 258, 112 A.L.R. 1272; and Headlee v. New York Life Ins. Co., 69 S.D. 499, 12 N.W.2d 313. From the facts found, and not questioned, it appears that the record contains sufficient evidence to render this statutory presumption inoperative.

From the foregoing it is manifest that we deem the facts found as sufficient to support an inference of an agreement for compensation to be paid upon the termination of the described services, and as wholly insufficient upon which to predicate an inference or a conclusion that any cause of action accrued to Miss Amunson prior to April 12, 1948. It follows we are of the opinion that the findings will not support a conclusion that any portion of her claims is barred by any statute of limitations.

■ The refusal of the trial court to adopt the conclusion of law of the executors must be upheld for an additional reason. More than wages is involved. The statute of limitations upon which the requested conclusion is predicated deals only with wages. Cf. SDC 33.0232 (6)(e), as amended by Ch. 153, Laws of 1947. As a part of the burden resting upon the executors in attempting to establish such

a defense it was incumbent on them to cause the claim for wages to be segregated from the remainder of the claim. 34 Am.Jur., Limitation of Actions, 352, § 450. The findings reveal no such segregation.

The portion of the judgment from which the executors have appealed is affirmed, and the portion thereof from which the claimant appealed is reversed.

HAYES, P.J., and ROBERTS and RUDOLPH, JJ., concur.

SICKEL, J., concurs in result.