ARBACH, Respondent v. GRUBA, Appellant

(199 N.W.2d 697)

(File No. 10961. Opinion filed August 2, 1972)

Holland & Brantseg, Sisseton, for plaintiff and respondent.

Charles B. Kornmann, of Voas, Richardson, Groseclose & Kornmann, Aberdeen, for defendant and appellant.

BIEGELMEIER, Judge.

This is an action for damages for personal injuries resulting from an automobile accident which occurred June 15, 1967. A summons dated May 25, 1970 and a complaint based on that claim, subscribed by plaintiff's attorneys, were delivered to the sheriff of Roberts County for service on defendants. We are concerned only with defendant Joanne Gruba, hereafter for convenience sometimes referred to as Joanne. The sheriff signed a certificate that he received these papers on May 26, 1970, and served them on defendant Joanne Gruba in that county on May 26, 1970 by delivering to and leaving with her, personally, true copies thereof. This certificate with the original summons and complaint was filed with the clerk of courts on June 9, 1970. The

fact was, however, that the sheriff did not serve copies on Joanne on that day, personally, or in any manner authorized by RCP 4, SDCL 15-6-4. This simple question of lack of service by reason of later proceedings became entangled in a complex record, 78 papers of 191 pages as shown by the clerk's index, ending in a default judgment for plaintiff of $10,000 damages and costs as a result of a hearing where Joanne's attorney was allowed to appear without permission to be heard on the merits as to Joanne's claimed defenses.

Based on the assumed May 26, 1970 service of process, plaintiff's attorney on September 18, 1970 executed and filed an affidavit of default alleging personal service of the summons and complaints on defendants on May 26, 1970, and that defendants had "not appeared" in the action, were, and should be adjudged to be, in default. On September 23, 1970 these facts came to the attention of Joanne's present attorneys who, the next day under a special appearance challenging the jurisdiction of the court and supported by affidavits of Joanne, her husband and her counsel, made a motion to quash the service of the process on Joanne. Plaintiff contested this motion and by affidavit made a motion to strike the special appearance.

A hearing was held on September 24, 1970 upon the affidavits and oral testimony of the sheriff and the facts of lack of legal service were undisputed. It appeared the judge at the September 24, 1970 hearing orally indicated his decision would be to quash the purported service of process on Joanne. Anticipating this, the record shows another sheriff's certificate again stating he received the summons and complaint on May 26, 1970, and that he personally served them on Joanne Gruba on September 26, 1970 by delivering to and leaving with her true copies thereof. Returning to the September 24, 1970 hearing, the circuit court, on October 13, 1970, entered written findings of fact, conclusions of law and an order adjudging the service of process on Joanne to be null and void and quashed, set aside and vacated it. These were filed October 15, 1970. It will be noted this order was entered after the "second" process was served, but it did not identify the date of the service of process quashed. It appears in an exchange

of correspondence between counsel after the September 26th service of process that no mention was made of this later and second service.

On October 29, 1970, plaintiff's attorney executed another affidavit of default based on the September 26, 1970 service of process on Joanne. The record shows a written Separate Answer of Joanne Gruba dated and served on plaintiff's attorneys on October 30, 1970. Within a few days thereafter plaintiff made motions to strike this answer, adjudge Joanne to be in default and for a default judgment; defendant Joanne made a motion to relieve her of default and permit her to answer the complaint.

Defendant Joanne Gruba's Separate Answer set out meritorious defenses; it denied defendant was negligent, alleged plaintiff's injuries occurred as the result of an unavoidable accident, that the statute of limitations was a bar, and that plaintiff's claim was barred as the accident occurred June 15, 1967, more than three years prior to the commencement of the action. On November 19, 1970, the trial court adjudged Joanne to be in default, denied her motion to be relieved of the default, struck her answer, and directed plaintiff proceed to proof of his complaint and fixed December 29, 1970 as the time plaintiff appear for that purpose. The record shows further motions and proceedings which we need not detail, except they ended with the judgment against defendant Joanne.

This opinion will not attempt to set out all the contents of the affidavits or the record of the several motions and proceedings, but will be limited to that part necessary to decision. At the outset the record here is similar to that before the court in Davis v. Interstate Motor Carriers Agency, 1970, 85 S.D. 101, 178 N.W.2d 204, and the law applicable to this appeal may be found in that opinion. We refer to it without extending this opinion by quoting from or commenting on the questions there decided.

■ Read in the light of Davis, we conclude the record shows excusable neglect for the failure of Joanne to appear and answer the complaint served on September 26, 1970 within the 30 days allowed, and that the answer due October 26, 1970, served

within four days after it was due and before a judgment had been entered, should have been permitted to stand. It appears that while Joanne caused copies of the papers to be delivered to an employee of a bank that was agent for her insurance company, the company did not receive these copies and it was thought they were lost. In August a claims adjuster, making a check in that area to see if any action had been started, obtained copies of the papers of the purported May 26th service and the action was referred to the insurance company's attorneys who advised the company that this was improper service. This service was thereafter vacated by court order and the company's attorneys had reason to believe that plaintiff intended to appeal from that order. Later, on September 30th, the company received from its agent copies of the summons and complaint served September 26, 1970, but because the company had not received copies of the May 25th papers and as the enclosed copies were identical to the May 25, 1970 summons and complaint with the same date thereon, the agent advised the company that these were the papers which apparently had been lost. The company also assumed the enclosures were copies of the original May 25th papers, the service of which had been set aside and quashed. As soon as the company discovered the error it forthwith took steps to serve an answer. Some confusion and misunderstanding could logically arise when an oral announcement was made of a ruling to quash the first service of process, whereupon Joanne's counsel advised her that the statute of limitations had run as to any further claim and that he would contact her if any further appearance be required, and then a written order quashing service of the summons and complaint was entered after the second process was served.

Defendant has appealed from the judgment and three orders. SDCL 15-26-19 provides:

"On appeal from a judgment the Supreme Court may review any order, ruling, or determination of the trial court, including an order denying a new trial, and whether any such order, ruling, or determination is made before or after judgment involving the merits and necessarily affecting the judgment and appearing upon the record."

This judgment was entered pursuant to prior orders which denied defendant's motion to be relieved of her default and permitting plaintiff to proceed with his proof of damages without right of defendant to contest the action on the merits; these orders and the judgment are all assigned as error and are therefore proper for review under SDCL 15-26-19.

■ Consideration of the record in view of defendant Joanne Gruba's Separate Answer deserves attention. SDCL 15-2-14 provides an action for personal injury "can be commenced only within three years after the cause of action shall have accrued". In Re Swanson's Estate, 73 S.D. 293, 42 N.W.2d 228, contains the following reference to statutes of limitation:

"A civil action can be commenced only within the period prescribed by the applicable statute of limitations after the cause of action shall have accrued."

This court has held the statute of limitations "is considered meritorious and is not regarded with disfavor". Rathje v. Kaufmann, 72 S.D. 380, 34 N.W.2d 494, and F. M. Slagle & Co. v. Bushnell, 70 S.D. 250, 16 N.W.2d 914.

Plaintiff's complaint alleges he received personal injuries from an accident on June 15, 1967, which is the date his cause of action accrued; his action was therefore barred on June 16, 1970 unless SDCL 15-2-31 was complied with and so extended that time. That section states in part:

"An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided * * * Such an attempt **must** be followed by the first publication of the summons, or the service thereof, within sixty days." (emphasis supplied)

Assuming the second sheriff's certificate to be true — that the summons and complaint came into his hands for service on May

26, 1970 or any time before June 15, 1970 — no legal service was made thereof on Joanne until September 26, 1970.* The undisputed record shows no compliance with SDCL 15-2-31 as the personal service on Joanne made on September 26, 1970 was more than 60 days after it came into the hands of the sheriff on May 26, 1970 — it being 123 days thereafter. This court determined that question in Johnson v. Butler, 41 S.D. 236, 170 N.W. 140, when it tersely wrote:

> "Note was due 12-1-1911; summons and complaint were issued 11-27-1917; and on 11-28-1917, were placed in hands of sheriff of the county wherein defendants resided. There was personal service of summons and complaint on 2-6-1918, more than 60 days after they came into hands of sheriff."

There plaintiff Johnson had quoted the first part of the predecessor of SDCL 15-2-31 to support his claim the statute had not run. In answer the court quoted the last sentence and wrote:

> "it is clear that it means just what it says, and therefore that, in order to prevent the running of the statute of limitations after the delivery of this summons, such summons must have been served within 60 days after it was received by the sheriff.

> ✻        ✻        ✻        ✻        ✻        ✻        ✻        ✻

> "The trial court correctly held that this cause of action had been barred by the (applicable statute of limitations)".

See in accord discussion in Chipperfield v. Woessner, 84 S.D. 13, 166 N.W.2d 727.

The court in Tabour Realty Co. v. Nelson, 56 S.D. 405, 228 N.W. 807, referred to this same requirement of service within the 60-day limit (then § 2264, R.C.1919) as follows:

---

* If it came into his hands after June 15, 1970 under the statute the cause of action was barred by SDCL 15-2-14.

"If that is not done, the attempt (to commence the action) fails, and everything connected with the attempt falls with it. Any judgment thereafter rendered against the defendants or against a garnishee is wholly void".

■ We need here only to hold that if the court had jurisdiction of this action as against Joanne Gruba by virtue of the service of process on September 26, 1970, the record before us as a matter of law indicates plaintiff's cause of action to be barred by the applicable statute of limitations. That appearing, it is unnecessary to consider other contentions advanced and discussed in the briefs.

As we hold the court erred in not excusing Joanne's default and permitting her to answer, those orders denying the permission to answer and following that theory are vacated, the judgment is reversed and the action remanded to the trial court with directions to enter an order allowing defendant Joanne Gruba to defend the action on her Separate Answer on file or any other amended answer that may be allowed under the Rules of Civil Procedure, upon payment of $250 to plaintiff as terms. See Davis v. Interstate Motor Carriers Agency, supra.

Judgment reversed with directions.

All the Judges concur.