Paul D. PRASHAR and Darlene Prashar, Plaintiffs,

v.

VOLKSWAGENWERK AKTIENGE-SELLSCHAFT, a corporation, also known as Volkswagenwerk, G.m.b.H., et al., Defendants.

Civ. No. 71-76S.

United States District Court,
D. South Dakota, S. D.

Sept. 6, 1972.

———◆———

Timothy J. Nimick, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for plaintiffs.

G. J. Danforth, Jr., Sioux Falls, S. D., for defendants Volkswagenwerk Aktiengesellschaft, etc., and Volkswagen of America, Inc.

Harold C. Doyle, of May, Johnson & Burke, Sioux Falls, S. D., for defendant Import Motors of Chicago, Inc.

MEMORANDUM DECISION

NICHOL, Chief Judge.

In this action for personal injuries and loss of consortium plaintiffs have moved to strike paragraphs V, VI, and IX of defendant Import Motors of Chicago's (Imoco)[1] Separate Answer and Cross Claim as being insufficient. Jurisdiction is based upon diversity of citizenship and the amount in controversy exclusive of interest and costs exceeds $10,000. 28 U.S.C.A. Sec. 1332.

Because this court has concluded that the defense asserted by defendant in Paragraph VI is dispositive of this motion, it is discussed immediately. Defendant contends in amended paragraph VI that the South Dakota statute of limitations has run, thus barring the action. A chronology of the events which causes me to concur with the defendant's assertion is as follows:

August 1, 1966—Plaintiffs purchase a 1967 Volkswagen from Soo Import, Inc., of Sioux Falls, South Dakota.

---

1. On February 10, 1967, Import Motors of Chicago, Inc., changed its corporate name to Imoco Corporation. The two names will be used interchangeably in this memorandum decision.

October 5, 1968—Paul D. Prashar alleges that while driving this Volkswagen he was involved in a one car accident, through no fault of his own, wherein he receives permanent personal injuries.

October 4, 1971—Plaintiffs file a complaint in U. S. District Court for the District of South Dakota, Southern Division. (CIV71–76S)

October 15, 1971—Motion for order of personal service outside of state, dated October 4, 1971, is filed with the Clerk of the Court.

October 16, 1971—The above motion is granted.

October 19, 1971—Marshal is in receipt of summons and complaint to be served on the three defendants. (U. S. Marshal's Service—Instruction and Process Record).

October 23, 1971—Service purportedly made upon Import Motors of Chicago.

April 14, 1972—Defendant Import Motors of Chicago's Motion to Quash Service was granted. The Illinois Marshal made service upon the wrong person on October 23, 1971.

April 14, 1972—Additional summons and complaint are obtained.

April 26, 1972—Marshal is in receipt of additional summons and complaint.

April 28, 1972—Import Motors of Chicago is served in Chicago, by service upon Mr. A. Chapman, Secretary-Treasurer.

The applicable statute of limitations, SDCL Sec. 15–2–14 (1967), states:

Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within three years after the cause of action shall have accrued:

(1) * * *

(2) * * *

(3) An action for personal injury.

In determining when a suit is "commenced" the 1967 South Dakota Compiled Laws further provide:

15–2–30. An action is commenced as to each defendant when the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him. 15–2–31. An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which defendants or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

The question directly before this court is whether or not the South Dakota statute of limitations is tolled by the filing of a complaint in a federal diversity action pursuant to Fed.R.Civ.P. 3. This court is, of course, bound by the decisions of the United States Supreme Court and the Eighth Circuit Court of Appeals. Their respective rulings in Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) and Groninger v. Davison, 364 F.2d 638 (1966), are controlling.

I am aware of the doubt as to the continuing validity of *Ragan* since the Supreme Court's decision in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), but the treatise writers are in basic agreement that because Hanna v. Plumer, *supra*, did not specifically overrule *Ragan*, it remains authoritative. Wright, Law of Federal Courts 246, Sec. 59 (1970); 4 Wright and Miller, Federal Practice and Procedure 191, Sec. 1057 (1969); see 1 Barron & Holtzoff, Federal Practice and Procedure Sec. 163 (1960). Groninger v. Davison, 364 F.2d 638, 642 (8th Cir. 1966), is in accord with this conclusion. Cases within the Eighth Circuit support

the *Groninger, supra,* decision. Gatliff v. Little Audrey's Transportation Co., Inc., 317 F.Supp. 1117 (D.Neb.1970); Morman v. Standard Oil Company, 263 F.Supp. 911 (D.S.D.1967). It is on the strength of these decisions that I conclude that Ragan v. Merchants Transfer & Warehouse Co., *supra,* is controlling.

Plaintiffs contend that for the *Ragan* decision to be applicable, it must be found from existing state law that the state commencement of action statutes are integral parts of the statute of limitations. This assertion is in light of the Tenth Circuit Court of Appeal's review, Chappell v. Rouch, 448 F.2d 446 (1971), of its decision preceding appeal to the Supreme Court. Merchants Transfer & Warehouse v. Ragan, 170 F.2d 987 (10th Cir. 1948). In that review the Tenth Circuit Court of Appeals found that it had, in essence, held:

> * * * that a statute defining how and when an action is deemed commenced was under the circumstances *so inextricably intertwined with the two year statute of limitations that it became an integral part thereof* to the end that it took precedence over the federal rule regarding commencement of actions. (Emphasis added). 448 F.2d at 448.

Plaintiffs' argument is buttressed by the closing language of the Supreme Court in *Ragan.* 377 U.S. at 534, 69 S. Ct. 1233. The Supreme Court accepted the integrality determination of the Court of Appeals. Though this background is enlightening, it appears to have been ignored by the decisions by which this court is bound. The Eighth Circuit cases have not specifically dealt with this argument, though by plaintiffs' interpretation, those cases have in fact involved integral statutes. Based upon the cases initially enumerated as binding upon this court, I find plaintiffs' argument unpersuasive.

The *Ragan* case also involved an automobile accident in a federal diversity action. The complaint was filed in a Kansas federal district court on September 4, 1945, but service was not made until December 28, 1945. The Kansas two year statute of limitations made service within the statute's specified period an integral part of its provisions. Service was not made within the allotted time and the parties subsequently conceded that the action would be barred if it were brought in state court. The United States Supreme Court found that in order to be consistent with Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that a federal court could not give the statute of limitations a longer life than it would have had in state court without adding something to the cause of action.

> This holding indicates that when the claim asserted in the federal court is on a right created by state law, provisions of the statute of limitations as to how the action is commenced, rather than Rule 3, control in federal court. 4 Wright and Miller, Federal Practice and Procedure 186, Sec. 1057 (1969), citing Groninger v. Davison, 364 F.2d 638 (8th Cir. 1966).

SDCL Sec. 15–2–14 (1967) provides that a suit "can be commenced only within three years after the cause of action shall have accrued". SDCL Secs. 15–2–30 & 31 (1967) provide for the how and when a suit can be commenced. "(I)t is clear that it [referring to what is now SDCL Sec. 15–2–31 (1967)] means just what it says. . . .." Johnson v. Butler, 41 S.D. 236, 170 N.W. 140, 141 (1918). Thus, under South Dakota law, commencing a suit requires serving the summons upon the defendant, or delivering it to the appropriate official with the intent that it shall be actually served. Applying this procedure to our case, the plaintiffs would have been required to file a complaint and put the summons and complaint in the possession of the marshal prior to the running of the statute. The marshal did not receive the summons and complaint until October 19, 1971, approximately two weeks after the statute had expired. The difficulty that subsequently transpired, as to serving the wrong person

in Chicago, was out of plaintiffs' control, and the immediate rectification would have been acceptable but for the statute having terminated plaintiffs' cause of action.

Plaintiffs' argument as to the basic differences in starting a state action as compared with a federal suit have been duly considered. But under the precedence of Groninger v. Davison, *supra*, in its following of *Ragan*, I am bound to follow the rules established therein.

Because this court rules that the statute of limitations is a valid defense and that it would be dispositive of the action as to defendant Import Motors of Chicago (Imoco), I would entertain a motion for summary judgment by this defendant.