IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 19, 2001 Session

## FRANK D. DONOVAN v. NATIONAL COMMERCE BANK SERVICES, INC., NATIONAL COMMERCE BANCORPORATION, and NATIONAL BANK OF COMMERCE

**An Appeal from the Chancery Court for Shelby County**
**No. 99-0414-3     D.J. Alissandratos, Chancellor**

---

**No. W2000-03064-COA-R3-CV - Filed March 15, 2002**

---

This is a breach of contract case. The defendant bank hired the plaintiff as a consultant to contact supermarkets about placing branch banks in their stores. In August 1988, the parties signed a written consulting contract which expired by its own terms in November 1988. In that contract, the plaintiff was to receive a salary plus $2,000 for each branch bank placed in a store as a result of his efforts. This contract expired, but the plaintiff continued to work for the bank for about ten years with no other written agreement. The plaintiff was never paid the $2,000-per-store bonus. In 1990, the plaintiff asked the bank to pay the $2,000-per-store bonus, and this request was ignored. The plaintiff's employment was terminated in 1998. In May 1999, the plaintiff sued the bank for breach of contract, claiming that they owed him the $2,000-per-store bonus under the original contract. The trial court granted the bank summary judgment based on the applicable statute of limitations. The plaintiff now appeals. We affirm, finding that the cause of action accrued, at the latest, in 1990 when the plaintiff requested the bonus and his request was ignored.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Lee L. Piovarcy and James L. Coggin, Memphis, Tennessee, for the appellant, Frank D. Donovan.

Frank J. Glankler, Jr., and C. Barry Ward, Glankler Brown, PLLC, Memphis, Tennessee for the Appellees, National Commerce Bank Services, Inc., National Commerce Bancorporation, and National Bank of Commerce.

**OPINION**

This is a breach of contract case. In 1985, defendant/appellee National Bank of Commerce ("NBC") began placing bank branches in supermarkets. To this end, NBC hired plaintiff/appellant Frank D. Donovan ("Donovan"), who had thirty-five years of experience and many contacts in the supermarket business, to contact supermarket personnel about placing bank branches in their stores. On August 10, 1988, the parties entered into an agreement providing that NBC would pay Donovan a salary of $3,000 per month plus a $2,000 bonus for each store in which a bank branch was placed as a result of his efforts. The agreement stated that the arrangement was for a trial period to end on November 30, 1988.

During the trial period, Donovan contacted supermarkets on behalf of NBC, and NBC paid him the $3,000 per month salary. No bank branches were placed in stores during the trial period.

At the end of the trial period, no new agreement was negotiated. Nevertheless, Donovan continued to perform consulting work. During Donovan's employment, hundreds of bank branches were placed in supermarkets. NBC paid Donovan a monthly salary that increased from $3,000 per month in 1988 to $5,500 per month in 1998. In addition, in some years, at NBC's discretion, NBC paid Donovan monthly bonuses. These bonuses totaled $43,500. However, NBC never paid Donovan the $2,000-per-store bonus for supermarket branches set forth in the original trial period agreement.

On December 12, 1990, Donovan sent a letter to Doug W. Ferris ("Ferris"), a senior vice-president for NBC, requesting the $2,000-per-store bonus for 1990. The letter states:

> In 1990, we saw success in establishing banks in supermarkets that were due to my work with NCBC. In the future, additional banks will be opened in supermarkets due to my work. Our agreement is for payment of $2,000.00 per supermarket bank. I would appreciate payment for 1990 at this time.

Donovan never received a response from NBC, and whenever he attempted to discuss the $2,000-per-store issue with Ferris, Ferris ignored him and would not discuss the subject. Donovan's employment terminated in October 1998.

On May 7, 1999, Donovan filed this action against NBC and related entities, National Commerce Bank Services, Inc., and National Commerce Bancorporation (collectively "NBC" or "defendants"),[1] for breach of contract, claiming that the defendants failed to pay him the $2,000-per-

---

[1] The National Commerce Bancorp owns the National Bank of Commerce. National Commerce Banking Services, Inc., an affiliate of NBC, was created as an independent business engaged in the licensing and sublicensing of space in grocery stores and in consulting with other banks as to how to implement in-store programs.

store bonus provided in the original consulting agreement.[2] After the parties conducted discovery, NBC filed a motion for summary judgment. On October 2, 2000, the trial court held a hearing and orally granted summary judgment in favor of NBC, finding that Donovan's claim was barred by the applicable six-year statute of limitations. On October 23, 2000, the trial court issued a written order consistent with the oral ruling. From this order, Donovan now appeals.

On appeal, Donovan argues that the trial court erred in determining that his lawsuit was barred by the statute of limitations. He claims that his services were continuous and rendered under one continuing contract, and that therefore his cause of action for breach of contract accrued when his services were completed or terminated. *See Murray v. Grissim*, 290 S.W.2d 888, 892 (Tenn. Ct. App. 1956). Consequently, Donovan argues, because suit was filed within six years of the date that his services were terminated, his suit was timely. Furthermore, Donovan contends that the trial court erred in granting summary judgment because he submitted sufficient evidence to create a genuine issue of material fact regarding whether the terms of the original contract were still in effect.

We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997) (quoting *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.03. We must view the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. *Warren*, 954 S.W.2d at 723.

The trial court below found that the material facts were undisputed, and that NBC was entitled to a judgment as a matter of law on those facts. Specifically, the trial court found that, subsequent to the expiration of the written trial period contract, "there was some contract between these parties" because the employment relationship continued on for almost ten years. Considering the evidence in a light most favorable to Donovan, the trial court assumed that the $2,000-per-store provision was included as a part of the modified agreement. The trial court held, however, that Donovan knew at the time he sent the letter to Ferris seeking payment of the $2,000-per-store bonus, or approximately December 12, 1990, or shortly thereafter, that NBC did not intend to pay him the $2,000-per-store bonus because of its failure to respond to Donovan's demand. Nevertheless, Donovan continued to work for NBC and accepted the agreed-upon salary and bonuses without insisting on the $2,000-per-store payments. Under these circumstances, where suit was filed over eight years after the December 1990 letter, the trial court held that Donovan's action against NBC was barred by the applicable six-year statute of limitations. *See* Tenn. Code Ann. § 28-3-109(a)(3) (providing that actions on contracts must commence "within six (6) years after the cause of action accrued").

---

[2] Donovan included a quantum meruit claim in his complaint, but that claim has since been abandoned.

Donovan argues on appeal that his contract with NBC was "continuing," and that, therefore, his cause of action did not begin to accrue until his contract terminated. To support his position, Donovan relies on *Murray v. Grissim*, 290 S.W.2d 888 (Tenn. Ct. App. 1956). In *Murray*, the plaintiff agreed to manage the defendant's farm. The plaintiff received no remuneration for managing the farm. Over eleven years later, the defendant sold the farm, and the plaintiff's services were no longer needed. The plaintiff then sought to be paid a reasonable amount for his past years of work managing the farm. In rejecting the argument that the plaintiff's claim was barred by the six-year statute of limitations, the court found:

> Where services are continuously rendered over an extended period of time under an express or implied contract which does not fix the term of employment nor the time when compensation shall be payable, the contract is entire and the employee's right of action accrues and *the statute of limitations begins to run when, and only when, the services are fully performed or the employment otherwise terminated.*

*Murray*, 290 S.W.2d at 893 (emphasis added) (quoting *In re: Swanson's Estate*, 42 N.W.2d 228, 230 (S.D. 1950)); *see also In re: Estate of McClanahan*, 471 S.W.2d 555, 558 (Tenn. Ct. App. 1971).

The principle set forth in *Murray*, however, is applicable "where the employee is not to be paid *de die in diem* [from day to day], but at the conclusion of the job, or of any one of several jobs." *Murray*, 290 S.W.2d at 893. The case *sub judice* involves no such arrangement. Rather, when viewing the evidence in a light most favorable to Donovan, he remained employed under a continuation of the written trial period agreement, which provided for monthly payment of $2,000-per-store bonus. There is no evidence that Donovan was to be paid upon the termination of his duties.

A breach of contract action accrues at the time of the breach, or "when the acts and conduct of one party shows [sic] an intention to no longer be bound by the contract." *Greene v. THGC, Inc.*, 915 S.W.2d 809, 810 (Tenn. Ct. App. 1995). Thus, assuming that the $2,000-per-store bonus provision was applicable to Donovan's employment beyond the trial period, NBC breached that agreement at the latest in December 1990 when it refused to honor Donovan's demand for payment under that provision. Clearly the six-year statute of limitations is applicable. *See* Tenn. Code Ann. § 28-3-106(a)(3). Donovan filed his action more than eight years after it was apparent that NBC did not intend to pay the $2,000-per-store bonus; consequently, it was untimely.

Donovan also argues on appeal that summary judgment was inappropriate because a genuine issue of material fact existed as to whether the $2,000-per-store bonus was applicable to Donovan's continued employment. Our holding on the statute of limitations assumes that the $2,000-per-store bonus was continued beyond the trial period; therefore, this issue is pretermitted. Thus, the trial court did not err in granting summary judgment to NBC.

Accordingly, the decision of the trial court is affirmed. Costs are taxed to the appellant, Frank D. Donovan, and his surety, for which execution may issue if necessary.


_____
HOLLY K. LILLARD, JUDGE