## WILLIAMSON V. LAKE COUNTY *et al.*

1. The fact that copies of papers served by a sheriff were printed by the plaintiff, for whom they were served, is no reason why fees for such copies should not be taxed as costs against defendant.

2. The title of a deputy sheriff to his office cannot be attacked collaterally on a motion, to which he is not a party, to compel the clerk to tax as costs in a cause certain fees of the deputy for service of process.

3. A deputy sheriff, acting under an appointment made by the sheriff, is a de facto officer, though he has not filed his appointment and oath of office, as required by Pol. Code, § 1818, and service of process made by him is valid as to defendant.

5. A plaintiff who has paid to a sheriff fees for the service of process is entitled to have such fees taxed as costs, though the deputy serving the process was merely a de facto officer.

HANEY, P. J., dissenting.

(Opinion filed Oct. 9, 1903.)

Appeal from circuit court, Lake county. Hon. JOSEPH W. JONES, Judge.

Action by J. H. Williamson against Lake County and others. Appeal by defendant Lake county from an order directing the clerk to retax costs in the action. Affirmed.

*Herbert H. Holdridge,* for appellant.

*Bailey & Voorhees* and *J. H. Williamson,* for respondent.

CORSON, J. This is an appeal from an order made by the circuit court of Lake county directing the clerk of that court to retax the costs in this action by adding to the costs theretofore taxed the sum of $13.30 sheriff's fees, the same being the item of sheriff's fees theretofore disallowed by him; and that the same be entered in the judgment as a part of the costs in the action. This is one of forty actions brought by the stock-

17 S. D.—23

holders of the Northwestern Loan & Banking Company to enjoin the county from collecting taxes levied by it upon the shares of the capital stock held by the respective plaintiffs in said action. One of the actions—Macomb v. Lake county—was appealed to this court, and the opinion in the same is reported in 9 S. D. 466, 70 N. W. 652. A second appeal was taken, and the opinion is reported in 13 S. D. 103, 82 N. W. 417, in which opinions the facts are fully stated. Judgments were thereupon entered in favor of the plaintiffs in the several actions in the circuit court. The bill of costs presented in each case to the clerk for taxation included $13.30 fees paid the sheriff for the service of papers in the actions. The item of $13.30 in this case was disallowed by the clerk, and an appeal taken by the defendant to the circuit court, the action of the clerk reversed, and he was directed, as we have seen, to allow the item in the bill of costs, and enter the same in the judgment. By stipulation the other 38 cases are to abide the result of the decision of this case; the case of Macomb against the defendant herein, *supra*, having been disposed of.

    This item of costs was objected to in the court below upon substantially the following grounds: (1) Because H. B. Williamson, who served the summons, complaint, and order, was not a deputy sheriff duly appointed and qualified as required by law, and was a party to one of said actions, and in the employ of the corporation of which all of said plaintiff's were stockholders. (2) No return was ever made on said papers by any sheriff or legal deputy. (3) That no fees should be allowed for copies of said summons, complaint, and order, for the reason that they were all printed by the plaintiff, and said officers made no such copies, and there is no law authorizing the taxation as costs fees for copies so made by plaintiff.

It appears from the record presented that the summons and complaint and that other papers in the action were served by one H. B. Williamson, who was appointed deputy sheriff by the sheriff of said county, but who failed to file his appointment and oath of office with the county auditor, as required by section 1818, Pol. Code, formerly section 1399 of the Compiled Laws. It also, appears that the summons and complaint were printed by the plaintiff, and that no copies were in fact made by the sheriff or his deputy, and that only the printed copies furnished by the plaintiff were served.

The second contention was made evidently upon the theory that, the return being made by H. B. Williamson, who the appellant claims was not a legal deputy, there was, therefore, no legal return.   The objection that the sheriff should not be allowed fees for the service of copies of the papers for the reason that they were printed by the plaintiff is clearly untenable.   It is not a matter of any concern to the defendant as to the method in which the sheriff or his deputy secured copies to be served.   If an officer serve copies as provided by law, he is entitled to his fees for such copies as against the opposite party, and may require such fees in advance.   Section 1858, Pol. Code.

The only question, therefore, to be considered is whether the respondent is entitled to tax as a disbursement the item of $13.30, sheriff's fees, the papers having been served by a deputy whose appointment and oath of office had not been filed as required by law.   It is contended by the appellant that the officer serving the papers was not a legal deputy, and, not being such, he was not entitled to the fees for the service of the papers, and hence, if the plaintiff has paid the fees to the

sheriff, he paid them voluntarily, and is not entitled to have them taxed as costs in the action. The argument of the appellant is based entirely upon the theory that an officer who is not a de jure officer cannot recover his fees for services performed, though he may be a de facto officer, and his acts as to third parties may be good. The respondent insists: (1) That the officer was a de jure officer, notwithstanding his failure to file his appointment and oath of office, so long as he was permitted to act as such officer; in other words, he had at least a legal title to the office, subject only to removal for failure to file his appointment and oath of office. (2) That, if he was not a de jure officer, then he was a de facto officer, and, having performed the service, and the respondent having paid the sheriff the fees for the performance of such service, he is entitled to tax the same as costs in the action. We are inclined to take the view that the latter position taken by the respondent is correct, assuming that the deputy was only a de facto officer, and hence it will not be necessary in this case to decide whether or not the officer was a de jure officer, as his title to the office cannot be attacked in a collateral proceeding to which he is not a party. While one who holds an office as a de facto officer only may not be entitled to recover for his services, a litigant who has paid such fees to the sheriff, who is conceded to have been a de jure sheriff, is entitled, in our opinion, to have the same allowed as costs in the action. It was the sheriff who was employed to serve the papers, and it was not material to the plaintiff whether the sheriff performed the duties in person or performed them by a deputy; and as the deputy was acting under an appointment made by the sheriff, he was at least a de facto officer, and his services were

valid and binding upon third parties. Whether, therefore, the deputy was or was not a de jure deputy, the plaintiff was liable to the sheriff for the fees for the services so performed. When papers are placed in the hands of a sheriff for service, they are, in contemplation of law, served by such sheriff, and he is entitled to the legal fees for such service. To the deputy, as such, the plaintiff in the action incurs no liability, his liability being to the sheriff. The plaintiff in such case is not required to examine the records and ascertain whether or not a person acting as deputy appointed by the sheriff is or is not a legal deputy; and, as we have seen, third parties are not required to examine the records to ascertain that fact, as his acts as a de facto officer are good as to such third party. We are of the opinion, therefore, that the learned circuit court was clearly right in reversing the taxation of costs made by the clerk, and directing him to tax the item of $13.30 for sheriff's fees.

The order appealed from is affirmed.

HANEY, P. J., dissenting.