AXTELL, Appellant, v. ROOKS, Respondent.

(162 N. W. 751.)

(File No. 4159.  Opinion filed May 16, 1917.)

1.  **Court—Jurisdiction, Service of Process as Source of—Return.**

It is the fact of service that gives a court jurisdiction, and not the sufficiency of a return.

2.  **Process—Election Contest—Service of Notice, Return, Amendment—Rule.**

In a statutory election contest, where service of contest notice was made by the deputy of plaintiffs, who was sheriff, in form of an affidavit showing facts necessarily appearing in a sheriff's return upon service of summons, and also facts necessary to be shown under Code Civ. Proc., Sec. 111, as amended by Laws 1907, Chap. 122, in a return by one who as a private person serves summons, and the party made service and signed the return both as an individual and as deputy sheriff, **held**, that trial court erred in refusing to allow the return of the deputy sheriff as such, to be amended to show service made as a private individual because of his disqualification as a deputy; that the courts should be liberal in allowing returns to be amended to show true facts.

**3. Process—Election Contest Notice—Sheriff as Party, Service by Deputy, as Private Individual, Sufficiency—Deputy, Whether a Party?**

While, whenever the sheriff is disqualified owing to his being a party his deputy as such is also disqualified, yet, where the disability of a sheriff disqualifying him from serving a notice of election contest did not arise from fact that he was sheriff but because he was a party to the proceeding, such disability does not affect the authority of another person, who is his deputy, from making such service if such other person has authority not coming from the disqualified party. So **held** in sustaining validity of service of a notice of such election notice by sheriff's deputy, the return showing the service made by him as a private individual; and such service was valid under Code Civ. Proc., Sec. 111, as amended by Laws 1907, Chap. 122, concerning service of summons. **Held**, further, that the fact that he was such deputy gave him no disqualifying interest in the contest, nor did it make him a party thereto, within the meaning of said law designating those disqualified to serve summons.

Appeal from Circuit Court, Perkins County.    Hon. RAYMOND L. DILLMAN, Judge.

Action by A. A. Axtell, against John Rooks, to determine an election contest.    From a judgment of dismissal of the action, plaintiff appeals.    Reversed.

*Logan Berry, Charles G. Carrell,* and *Campbell & Walton,* for Appellant.

*P. J. Tscharner,* and *Coleman & Murphy,* for Respondent.

(1.) To point one of the opinion, Appellant cited: Morrissey v. Gray, (Cal.) 117 Pac. 438.

(2.) To point two of the opinion, Appellant cited: Buckmiller v. Railway, 164 Ia. 502, 146 N. W. 447; XVII Ency. Pl. and Pr., 950-952; 32 Cyc. 537-540, and cases cited; Williams v. Hutchinson, 26 Fla. 448, 7 So. 852.

(3.) To point three of the opinion, Appellant cited: Pol. Code, Secs. 898, 1988; Code Civ. Proc., Sec. 111, as amended by Ch. 122, Laws 1907; Plano Mfg. Co. v. Murphy (1902) 16 S. D. 380, 92 N. W. 1072, 102 Am. St. Rep. 692.

Respondent cited: Singletary v. Carter, 21 Am. Dec. 480; Gage v. Graham, 11 Mass. 181; Code Civ. Proc., Secs. 563, 898; May v. Walters, 2 Mc. C., 470; Collais v. McLeod, 49 Am. Dec., P. 376.

WHITING, J.  [1-3]  Plaintiff, the then sheriff of Perkins county, S. D., was at the election in November, 1916, a candidate for reelection.  Defendant was an opposing candidate, and the canvassing board declared him elected.  Plaintiff instituted a contest seeking to have the determination of the board of canvassers overturned and himself adjudged elected to such office.  This contest was instituted during plaintiff's term as sheriff and the notice of contest was served by one who was at the time plaintiff's deputy.  The statute (section 1988, P. C.) provides that service of notice of contest shall be made in the same manner as service of summons.  The return on such service was in the form of an affidavit, and not only stated those things necessary in a sheriff's return upon service of summons, but also stated those things necessary under section 111, C. C. P., as amended by chapter 122, Laws 1907, in a return by one who as a private individual makes service of summons, except that by inference only did said return show that the party making the return was a resident of the county wherein service was made.  The party making the service signed the return both as an individual and as deputy sheriff.  Defendant appeared specially and moved the trial court for a dismissal of the contest upon the ground that the court had acquired no jurisdiction over the person of the defendant for the reason that the party making return of service was unauthorized to make such service.  Upon the hearing of such motion plaintiff sought leave to file an amended return, which amended return showed that the party making the service made the same as a private individual and not as deputy sheriff.  This motion was supported by affidavits.  It is the fact of service that gives a court jurisdiction, and not the sufficiency of a return.  And courts should be liberal in allowing returns to be amended to show the true facts.  Buckmiller v. Railway Co., 164 Iowa, 502, 146 N. W. 447.  The amended return disclosed a valid service of the notice unless the party serving such notice was unauthorized to make such service as an individual while he was deputy sheriff.  The trial court refused to allow such amended return to be filed and dismissed the contest.  From the order or judgment of dismissal, this appeal was taken.

While several questions are discussed in appellant's brief, we

deem it necessary to consider but one: Can a person who chances to be deputy sheriff make service of such a notice as a private individual in a matter wherein the sheriff is a party? It is the contention of respondent that he cannot do so, and that the reason therefor is because of the interest which he has in the matter. In this we think respondent is in error. Of course, it must be conceded that, whenever the sheriff is disqualified owing to being a party, then his deputy as such is also disqualified because a deputy's authority is only such as he derives from his principal, and when the principal is without authority he can confer no authority upon his deputy. But the disability of the sheriff which disqualifies him from serving this notice did not arise out of the fact that he was sheriff, but merely from the fact that he was a party to the proceeding, and such a disability can in no way affect the authority of another person to make such service, if such other person has authority not in any manner coming from the disqualified party. Colby v. Dillingham, 7 Mass. 475. The statutes of this state authorize a private individual possessing the qualifications which the party making this service possessed to make service in any cause wherein he is not a party; therefore the mere fact that this party was disqualified as deputy sheriff, owing to reasons not personal to him, in no manner affected his authority to make service as a private individual. We are unable to agree with respondent's contention that the mere fact that he was deputy sheriff gave him any such interest in this contest as would disqualify him. Such fact did not make him a party to the contest. And even if any interest in the outcome of this proceeding, no matter how direct or great such interest might be, could have disqualified this party from serving such notice, no such interest appears. The outcome of such contest could not affect such party's term as deputy, which term would expire by limitation before the term in dispute would commence. If we were to hold that the term "party to the action," used in the statute to designate those disqualified to serve summons, included deputies, agents, and servants of such a party because of supposed interest in their principal's welfare, and that therefore such a deputy, agent, or servant could not make service under that provision of statute authorizing private individuals to make service, such holding

would, as said by Justice Start in First Nat. Bk. v. Estenson, 68 Minn. 28, 70 N. W. 775—

"extend the statute, by a construction manifestly in violation of its letter and spirit, so as to prohibit the service * * * by any other person than the sheriff, * * * because, if the plaintiff contracts with or procures a private person to serve his summons, such person is necessarily his agent or attorney, and acts for him, and not as an officer of the court or of the law."

Respondent has cited several authorities in support of his contentions, but an examination of same will show that in every case where a deputy was held disqualified he could and was acting only in the capacity of an officer of "the court or of the law," and not merely as a private individual, the agent of the party for whom service is made. It is not necessary for us at this time to decide, and we therefore do not decide, whether or not one who chances to be deputy sheriff could, as an individual, make service on behalf of the sheriff where the sheriff was a party to the action in his official capacity.

It is clear that the trial court erred in not allowing the return to be amended, and also erred in holding that through the facts as shown by such amended return the court acquired no jurisdiction over the person of the defendant.

The order appealed from is reversed.