SHENANDOAH NATL. BANK, Appellant, v. REININGER, Respondent.

(237 N. W. 765.)

(File No. 7018. Opinion filed August 3, 1931.)

A. J. Keith, of Sioux Falls, for Appellant.

F. E. Ward and George J. Danforth, both of Sioux Falls, for Respondent.

RUDOLPH, J. Plaintiff brought an action in the municipal court in the city of Sioux Falls, by the service of a money demand

summons upon the defendant, U. G. Reininger, on the 18th day of February, 1918. The defendant did not answer, and nothing further was done in the matter until on the 17th day of June, 1929, at which time the summons and a return thereof purported to have been signed by a constable of Minnehaha county, S. D., together with a complaint in the action, were filed in the office of the clerk of the Sioux Falls municipal court. On the 22d day of June, 1929, a default judgment was entered, prior to which an affidavit of default has been presented to the trial judge. The return of service was made in the form of a certificate of service as distinguished from an affidavit, was not verified, and was purported to have been signed by a constable of Minnehaha county. The defendant upon learning of the entry of judgment attacked the judgment by filing an affidavit for the purpose of securing an order of the court requiring the plaintiff to show cause why the judgment should not be vacated. The court, after a hearing, entered an order vacating the judgment. This is an appeal from that order.

■ ■ First, we will consider the question presented by the return of service of summons, which return is part of the judgment roll. The fact has already been mentioned herein that the return of service was in the form of a certificate and signed as follows: "Sam N. Haggar, Constable, Minnehaha County, South Dakota." This return was not verified and did not purport to be in the form of an affidavit. Section 2342, R. C. 1919, provides as follows:

"Proof of the service of the summons, and of the complaint or notice, if any, accompanying the same, must be as follows:

"1. If served by the sheriff, his certificate thereof; or,

"2. If by any other person, his affidavit thereof."

This statute requires an affidavit of service unless the return is made by the sheriff. The judgment roll, including as it does this purported return of service, precludes this court from presuming that there was any other proof of service. Should we hold in this case, with this affirmative showing a part of the judgment roll, that the judgment entered was not subject to direct attack, we would nullify that provision of our statute requiring that the return of service, if not made by the sheriff, should be in the form of an affidavit.

 Since it is the fact of service rather than the proof of service that gives the court jurisdiction, the plaintiff, if the facts would have warranted, could have amended the return or furnished competent proof of service at any time prior to the order setting the judgment aside. There was, however, no offer at any time to amend or to supply any competent proof of service.

Due to the fact that the order of the trial court setting the judgment aside must be affirmed for the reasons herein given, it is unnecessary to discuss the question of laches.

The order appealed from is affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.