Kayleen JOHNSON, Plaintiff
and Appellant,

v.

Brad KUSEL, Defendant and Appellee.

No. 12995.

Supreme Court of South Dakota.

Argued Sept. 11, 1980.

Decided Oct. 29, 1980.

John P. Blackburn, Blackburn Law Offices, Yankton, for plaintiff and appellant; Donna K. Dietrich, Blackburn Law Offices, Yankton, on the brief.

William J. Klimisch of Goetz, Hirsch, Haar & Klimisch, Yankton, for defendant and appellee.

HENDERSON, Justice.

## ACTION

Kayleen Johnson (appellant) appeals from an order of dismissal entered October 25, 1979, by the trial court which granted Brad Kusel's (appellee's) motion to dismiss for lack of jurisdiction. As a consequence of this order, appellant's action alleging paternity on the part of appellee was dismissed. We reverse.

## FACTS

Appellant is a resident of Yankton County, South Dakota, and appellee is a resident of Cedar County, Nebraska. On November 15, 1978, appellant filed a complaint with the trial court alleging that she and appellee had had sexual intercourse in Yankton County, South Dakota, which resulted in appellant's pregnancy and subsequent birth of a child on April 21, 1977. Appellant prayed for expenses (including hospital and medical bills) in excess of $1300 under authority of SDCL Chapter 25-8.

On December 14, 1978, appellee filed a motion to dismiss appellant's complaint due to the trial court's lack of jurisdiction over appellee and the insufficiency of the service of process. A hearing was conducted on January 11, 1979, pursuant to this motion. As a result of this hearing, the trial court ordered appellant's complaint dismissed due to lack of jurisdiction over appellee. Appellant filed notice of appeal on December 11, 1979.

### ISSUES

### I.

Did the trial court err in not applying a section of the long-arm statute retroactively, namely SDCL 15–7–2(8), thus bringing appellee within the court's jurisdiction? We hold that it did.

### II.

Was there sufficient proof of service of process on appellee? We hold that there was.

### DECISION

### I.

SDCL 15–7–2(1) through (6) inclusive, were adopted by the South Dakota Legislature in 1965 S.D.Sess.L. ch. 163, § 2 and provides in pertinent part:

> Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally ... of any of the following acts: [(1) through (6), inclusive].

Also adopted in 1965 S.D.Sess.L. ch. 163, § 4 was SDCL 15–7–4 which states:

> The provisions of §§ 15–7–1 to 15–7–3, inclusive, shall apply to causes of action arising before enactment hereof.

In 1978 SDCL 15–7–2 was amended 1978 S.D.Sess.L. ch. 146, §§ 1, 2 to add the following subdivisions:

> (7) Failure to support a minor child residing in South Dakota; or
>
> (8) Having sexual intercourse in this state, which act creates a cause of action under chapter 25–8 with respect to a child who may have been conceived by that act of intercourse.

The act of sexual intercourse in the state, which occurred sometime prior to April 21, 1977, is the basis of appellant's claim that the trial court has jurisdiction over appellee. Since 15–7–2(8) was not in effect until 1978, SDCL 15–7–2(8) must be applied retroactively for the trial court to have jurisdiction over appellee. Appellant maintains that SDCL 15–7–4 renders 15–7–2(8) retroactively applicable. Hence, the question becomes whether the legislature intended SDCL 15–7–2(8) to be applied retroactively as are SDCL 15–7–2(1) through (6), inclusive.

It is a settled principle of statutory construction that a statute will not be applied retroactively unless a clear intention of such operation is indicated. *In re Scott's Estate*, 81 S.D. 231, 133 N.W.2d 1 (1965); *Bahlkow v. Preston*, 60 S.D. 151, 244 N.W. 93 (1932). Also, it is a basic principle of statutory construction that a legislative enactment is to be considered as a whole. *Western Surety Co. v. Mydland*, 85 S.D. 172, 179 N.W.2d 3 (1970). " 'A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Sutherland on Statutory Construction, Vol. 2A, § 46.05.' " *Matter of Heuermann*, 90 S.D. 312, 321, 240 N.W.2d 603, 608 (1976). Therefore, "if retroactive impact is clearly intended for some of the provisions of an act, it seems logical to assume that the legislature intended retroactive impact for them all." *Heuermann*, id.

Appellee argues that since it was not specifically stated by the legislature that SDCL 15–7–2(8) was to be applied retroactively, the legislature did not clearly intend it to be applied as such. We do not agree. It cannot be logically maintained that the legislature would have had SDCL 15–7–2(1) through (6), inclusive, apply retroactively while SDCL 15–7–2(7) and (8) are to be applied prospectively. Considered "as a whole," it is clear that the legislature intended that SDCL 15–7–2 and *all* its subdivisions are to be applied retroactively.

 We also agree with appellant's position that retroactive application of a long-arm statutory provision is not unconstitutional. A long-arm statute is only *remedial* in nature in that it gives a plaintiff a forum to express his grievances. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1945). We are not adjudicating the paternity of appellant's child, but rather we are holding that appellant has the right to have her cause of action brought in the courts of this state. Hence, there is no constitutional barrier to the retroactive application of SDCL 15–7–2(8). This statute merely allows appellant access to the judicial tribunals of South Dakota so as to allow her to enforce whatever rights she may have under the pre-existing facts. In this case, the act which created the child has already occurred, and the application of SDCL 15–7–2(8) simply provides a South Dakota resident the right to secure support for her child.

## II.

Appellee argues that appellant failed to prove service of process upon appellee. Specifically, appellee maintains that no return of service was ever produced. SDCL 15–6–4(g) provides in pertinent part:

Proof of the service of the summons ... must state the time, place, and manner of such service ... and must be made as follows: (1) If served by a sheriff, his certificate thereof.... (3) The written admission of the party ... upon whom service might have been made....

It appears that the reason why no return of service was ever produced was due to a change of sheriffs in Cedar County, Nebraska, during the time period when the return of service would have normally occurred. Apparently, the return of service was either lost or destroyed in the transition.

 Lack of return of service is not fatal to the court's jurisdiction. It is the *fact of service*, not proof thereof, that gives the court jurisdiction. *Shenandoah National Bank v. Reininger*, 58 S.D. 568, 237 N.W. 765 (1931); *Axtell v. Rooks*, 39 S.D. 31, 162 N.W. 751 (1917). In appellee's affidavit in support of his motion to dismiss, he states under oath:

[T]hat your affiant is a resident of Cedar County, Nebraska, and that copies of what appear to be a Summons and a Complaint in [this] matter were served upon your affiant in Cedar County, Nebraska.

Accordingly, we hold that sufficient proof of service of process upon appellee was shown.

The trial court's order dismissing appellant's complaint due to lack of jurisdiction over appellee is reversed.

All the Justices concur.