**Carol M. SIEG, Appellant,**

v.

**Keith E. KARNES, Appellee.**

**No. 82–1204.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1982.

Decided Dec. 1, 1982.

Woods, Fuller, Shultz & Smith, P.C., and Gary P. Thimsen, Sioux Falls, S.D., for appellee.

John H. Meyer, Sioux Falls, S.D., for appellant.

Before LAY, Chief Judge, and BRIGHT and JOHN R. GIBSON, Circuit Judges.

LAY, Chief Judge.

This case involves an appeal from an order of the district court for the district of South Dakota, the Honorable John B. Jones presiding, quashing service of process and dismissing the case.

Carol M. Sieg, a resident of South Dakota, was injured in an automobile accident with Keith E. Karnes, a resident of Iowa, on December 10, 1978, in Sioux Falls, South Dakota. On December 9, 1981, the last day before the South Dakota three-year statute of limitations would run,[1] counsel for Sieg filed a complaint with the clerk of the United States District Court for the District of South Dakota. The clerk immediately issued a summons, but delivered it to Sieg's attorney, John Meyer. Meyer, who is a South Dakota resident, personally served Karnes in the State of Iowa the same day the complaint was filed. The district court held that the service of process attempted by Sieg's attorney was invalid and dismissed the case.

Under South Dakota law, an "action is commenced as to each defendant when the summons is served on him...." S.D. Comp.Laws Ann. § 15–2–30 (1967). Rule 3 of the Federal Rules of Civil Procedure specifies that a civil action is commenced by filing a complaint with the court. However, the Supreme Court, in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 744–53, 100

---

1. S.D.Comp.Laws Ann. § 15–2–14(3) (1967).

S.Ct. 1978, 1982–86, 64 L.Ed.2d 659 (1980), held that a federal district court must apply state law that, for statute of limitations purposes, deems an action commenced only when service is made.[2] *See* 4 C. Wright and A. Miller, *Federal Practice and Procedure* § 1057 (Supp.1982). The issue before us on this appeal is whether the service of process on Karnes was validly made in accord with South Dakota law within the applicable period of limitations.

■ Rule 4(f) of the Federal Rules of Civil Procedure provides that extraterritorial service of process may be effected when authorized by the Federal Rules of Civil Procedure or other federal statutes.[3] Rule 4(f) thus incorporates the provisions of rule 4(e) of the federal rules applicable to service upon nonresident parties or parties not found within the state. *See Marsh v. Kitchen,* 480 F.2d 1270, 1272 n. 6 (2d Cir. 1973); 2 J. Moore and J. Lucas, *Moore's Federal Practice,* ¶ 4.32[2], at 4–352, 4–359, ¶ 4.42[1], at 4–528 (2d ed. 1982). Rule 4(e) allows such service to be made "under the circumstances and in the manner prescribed" in a statute or rule of court of the state in which the district court is held.[4]

South Dakota long-arm statutes authorize service of process outside the state upon any person who commits an act which results in a tort action accruing within the state.[5] South Dakota law also authorizes constructive or substituted service upon the Secretary of State of South Dakota to attain personal jurisdiction over nonresident motorists in any action arising from the use or operation of a car within the state.[6] The

2. In dealing with this same South Dakota provision on commencement of actions, we had previously held in *Prashar v. Volkswagen of America, Inc.,* 480 F.2d 947, 949–54 (8th Cir. 1973), *cert. denied,* 415 U.S. 994, 94 S.Ct. 1596, 39 L.Ed.2d 891 (1974), that federal rule 3 controlled over the state law because the South Dakota statute on commencement of action was not an integral part of the statute of limitations. The reasoning of the Supreme Court in *Walker,* however, precludes any finding that *Prashar* validly can be distinguished from *Walker. Cf. Fischer v. Iowa Mold Tooling Co.,* 690 F.2d 155, 157–58 (8th Cir.1982) (court held *Walker* controlled *Prashar,* but found that in *Walker* the Court used the term "integral" in a different sense than it was used in *Prashar* ).

3. The first sentence of rule 4(f) of the Federal Rules of Civil Procedure states: "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state."

4. Rule 4(e) of the Federal Rules of Civil Procedure states:
Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court

is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

5. S.D.Comp.Laws Ann. § 15–7–2 (1967) provides:
Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, or through an agent, of any of the following acts: ... (2) The commission of any act which results in accrual within this state of a tort action....
S.D.Comp.Laws Ann. § 15–7–3 (1967) states:
Service of process outside the state.—Service of process upon the persons subject to § 15–7–2 may be made by service outside this state in the same manner provided for service within this state with the same force and effect as though service had been made within this state.

6. S.D.Comp.Laws § 15–7–7 (1967) provides in part:
Service of process as authorized by § 15–7–6 (non-resident motor vehicle act) shall be made by serving a copy thereof upon the secretary of state, or by filing such copy in the office of said secretary of. state, together with payment of a fee of two dollars, and such service shall be sufficient service upon the absent resident or the nonresident or his executor, administrator, or personal representative; provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last-known address

South Dakota Secretary of State, however, was never served in this action.

 Authority to effect service of process derives solely from acts of legislative bodies. *See* 2 J. Moore and J. Lucas, *supra,* ¶ 4.32[2], at 4–352 n. 16 (citing cases). Personal service of process attempted by an unauthorized process server is invalid. *See Axtell v. Rooks,* 39 S.D. 31, 33, 162 N.W. 751, 751 (1917); *Melin v. Aronson,* 205 Minn. 353, 357, 285 N.W. 830, 832 (1939) (attorney lacked statutory grant to personally serve summons). Rule 4(c) of the Federal Rules of Civil Procedure delineates a limited class of persons who are authorized to make personal service of process for lawsuits in federal court. 2 J. Moore and J. Lucas, *supra,* ¶ 4.32[2], at 4–360; *see* 4 C. Wright and A. Miller, *Federal Practice and Procedure* § 1092 (1969). Amended in 1980 to include authorized state process servers, 2 J. Moore and J. Lucas, *supra,* ¶ 4.08, the rule states:

> Service of process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose.... Service of process may also be made by a person authorized to serve process in an action brought in the courts of general jurisdiction of the state in which the district court is held or in which service is made.[7]

Authority to serve personal process under the law of South Dakota is statutorily granted to the following persons:

The summons may be served by the sheriff or a constable of the county or other comparable political subdivision where the defendant may be found, or in the District of Columbia by the United States marshal, or one of his deputies, or by any other person not a party to the action who at the time of making such service is an elector of the county or other comparable political subdivision in which such service is to be made.

S.D.Comp.Laws Ann. § 15–6–4(c) (1967).[8]

 Counsel for Sieg concedes that he was not specially appointed by the court to make service; moreover, he was not a marshal, deputy, sheriff, or constable of any governmental body, nor an elector of the applicable Iowa county at the time service was attempted. He asserts, however, that because he is authorized to make substituted service for nonresident motorists[9] and, with court permission, service by publication,[10] he is thus included within the language of federal rule 4(c) permitting service "by a person authorized to serve process in an action" brought in South Dakota state courts.

Federal rule 4(c), however, has been construed to designate persons authorized to make service only when the manner of service is personal. *See* 2 J. Moore and J. Lucas, *supra,* ¶ 4.08, at 4–96 to –98. Under this construction, the categories of authorized process servers under rule 4(c) do not

---

and that the plaintiff's affidavit of compliance with the provisions of this section is attached to the summons.
*See Busby v. Shafer,* 75 S.D. 428, 66 N.W.2d 910 (1954).

**7.** On October 20, 1981, the United States District Court for the District of South Dakota issued an amended special order which eliminated private party civil process by a United States marshal, unless ordered for good cause by a United States district court, and which specifically appointed all county sheriffs in South Dakota and their authorized deputies to serve process without further court order. The amended special order, quoting almost verbatim the applicable portion of federal rule 4(c), also confirmed the authority of persons authorized to serve process in South Dakota state court suits.

**8.** In contrast, the law of Iowa, the state where personal service was attempted, provides:

> Original notices may be served by any person who is neither a party or the attorney for a party to the action. A party, his agent or attorney may take an acknowledgement of service and deliver copy of notice in connection therewith, and may mail copy of original notice when mailing is required or permitted under any rule or statute.

Iowa R.Civ.P. 52.
It is undisputed Meyer was acting as attorney for the plaintiff at the time he attempted service in Iowa.

**9.** See *supra* note 6.

**10.** S.D.Comp.Laws Ann. §§ 15–9–7 to –21 (1967).

apply to substituted or constructive service permitted under federal law or the law of the state in which the district court is sitting. *Id.* In support of this principle, rule 4(e) specifically provides that service on out of state parties may be "under the circumstances and in the manner prescribed" in the applicable federal or state statute or rule. Such language implicitly endorses applicable means of nonpersonal service of process. 2 J. Moore and J. Lucas, *supra,* ¶ 4.08, at 4–97. Moreover, the Advisory Committee's notes to the 1963 amendments to rule 4(d)(7) indicate approval of such a construction. *Id.* at 4–97, ¶ 4.01[19], at 4–30.

With this understanding of the limited nature of the directives of rule 4(c), and without further clarification from the Advisory Committee,[11] we are unable to accept the contention that the intent underlying the 1980 amendments to rule 4(c) was to authorize personal service by anyone authorized to make substituted or constructive service under state law.

Sieg also argues that, even if the service was invalid, under section 15–2–31 of the South Dakota statutes, the attempted commencement of the suit is deemed equivalent to a commencement within the limitations period and triggered a 60-day extension period during which valid service of process could have been made. The explicit language of that statute, however, specifies that the extension is only granted when the summons is delivered, with the intent that it actually shall be served, to the sheriff or other officer of the county where the defendant resides.[12] Since this delivery requirement was not met, we hold that this suit was not commenced before expiration of the statute of limitations.[13]

Unless a defendant voluntarily makes an appearance or waives defective service, a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements. 2 J. Moore and J. Lucas, *supra,* ¶ 4.02[3], at 4–45, ¶ 4.08, at 4–95 to –96, ¶ 4.20, at 4–166; *see Johnson v. Kusel,* 298 N.W.2d 91, 93 (S.D. 1980). This principle remains true despite any actual notice a defendant may have of the lawsuit. *Horrigan v. State Farm Insurance Co.,* 106 Wis.2d 675, 680, 317 N.W.2d 474, 477 (1982); *State v. Kaufman,* 201 N.W.2d 722, 724 (Iowa 1972); *cf. Chipperfield v. Woessner,* 84 S.D. 13, 17, 18, 166 N.W.2d 727, 729–30 (1969) (attempted service by leaving summons with defendant's mother was nullity because it was not left at defendant's dwelling as statute required; court did not inquire whether actual notice was received).

We thus find that the attempted service of process was void, and the applicable statute of limitations expired as to this cause of action before suit was commenced. The order of the district court is therefore affirmed.

---

**11.** Counsel for Sieg points to the language in the Advisory Committee's notes to the 1978 preliminary draft of proposed amendments to the Federal Rules of Civil Procedure, 77 F.R.D. 613, 621, in which the committee states that: "[T]here is no reason why Rule 4(c) should not generally authorize service of process in all cases by *anyone* authorized to make service by *any* statute or rule of the state in which the district court is held or in which service is made." (Emphasis added).

**12.** S.D.Comp.Laws Ann. § 15–2–31 (1967) states in part:

An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided.... Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

**13.** Because the 60-day extension period was not triggered and the statute of limitations period had expired, the district court correctly denied Sieg's attorney a special appointment to serve process.