Mark **MEISEL**, Plaintiff and Appellant,

v.

**PIGGLY WIGGLY CORPORATION,** Defendant and Appellee.

No. 15637.

Supreme Court of South Dakota.

Considered on Briefs Sept. 3, 1987.

Decided Jan. 20, 1988.

Kenneth E. Jasper of Jasper Law Office, Rapid City, for plaintiff and appellant.

Gene R. Bushnell of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellee.

ZINTER, Circuit Judge.

Plaintiff, Mark Meisel (Meisel), appeals from a summary judgment granted in favor of defendant Piggly Wiggly Corporation (Store). Summary judgment was granted on the ground that Meisel failed to

commence this action for personal injuries before the applicable statute of limitations expired. We reverse.

Meisel filed a Summons and Complaint alleging that on January 25, 1983, as a result of Store's negligence, he slipped and fell on its premises. Store answered and asserted that Meisel's action was not timely commenced within the applicable three-year statute of limitations.[1]

Since January 25, 1986, the last day of the three-year period fell on a Saturday, SDCL 15–6–6(a) extended the period of limitations until the end of the next day which was not a Saturday, Sunday or legal holiday. As a result, the period of limitation within which Meisel must have commenced this action expired on the next Monday, January 27, 1986.

Generally, an action is commenced in this jurisdiction by the service of a summons upon the defendant. SDCL 15–2–30. Although Meisel did not serve Store by January 27, 1986, he did cause the summons to be delivered to the Hughes and Meade County Sheriffs' offices for service at approximately 7 o'clock p.m. on January 27, 1986.[2]

Meisel invokes SDCL 15–2–31 which provides for constructive commencement of an action and extends time for service for 60 days [3] when the summons is delivered to the sheriff or other authorized officer for service. SDCL 15–2–31 provides:

An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is *delivered,* with the intent that it shall be actually served, *to the sheriff or other officer of the county* in which the defendants or one of them, usually or last resided; or if a corporation be defendant, *to the sheriff or other officer of the county* in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days. (emphasis supplied)

In order for this extension to apply, the summons must be delivered to the sheriff on or before the last day for commencement of the action. *Arbach v. Gruba,* 86 S.D. 591, 199 N.W.2d 697 (1972).

On January 27, 1986, the summonses were hand delivered to on-duty sheriff's office employees other than the sheriffs themselves or the deputies who subsequently served the summonses. In Hughes County, a corrections officer accepted delivery of the summonses. In Meade County, a deputy accepted delivery of the summons. In each case the deputy responsible for service of civil process did not pick up the summons to serve it until the following day. In their official returns of service both serving deputies stated that they received the summonses on January 28, 1986.[4] The trial court held that the 60–day extension is applicable only when

---

**1.** SDCL 15–2–14(3) provides: Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within three years after the cause of action shall have accrued:

(1) ...

(2) ...

(3) An action for personal injury.

**2.** In Hughes County the summonses were delivered for service upon the Secretary of State and Store's registered agent. In Meade County the summons was delivered for service upon Store's local manager.

**3.** Both the Meade County and Hughes County Sheriffs' offices served the summonses within the 60–day period.

**4.** It is of no consequence that the official sheriffs' returns of service state the summonses were received on January 28, 1986, as we have long held it is the *sheriff's fact of service* not the return of service that gives the court jurisdiction. *Axtell v. Rooks,* 39 S.D. 31, 162 N.W. 751 (1917); *Shenandoah National Bank v. Reininger,* 58 S.D. 568, 237 N.W. 765 (1931); *Halverson v. Sonotone Corp.,* 71 S.D. 568, 27 N.W.2d 596 (1947); and *Johnson v. Kusel,* 298 N.W.2d 91 (S.D.1980). The affidavits in opposition to summary judgment clearly show that the summonses were delivered to the sheriffs' offices on January 27, 1986, for service and that January 28 was merely the date the summons came into the hands of the deputy who actually served the summons. "(C)ourts should be liberal in allowing returns to be amended to show the true facts." *Axtell, supra* 162 N.W. at 751.

the summons is delivered to the sheriff himself or the officer authorized to serve the summons. The trial court concluded that because the deputies who actually served the summonses did not receive them until January 28, there was no delivery to the sheriff or other officer on January 27.[5] We disagree.

The affidavits submitted in opposition to the Motion for Summary Judgment established that the summonses were delivered to the respective sheriffs' offices on January 27, 1986, with intent that they be served. Hughes County Sheriff Arlo Mortimer stated that his records indicated, "our office received Summons and Complaints in (this) matter, on the 27th day of January, 1986, at approximately 7:00 P.M. by the same being hand delivered" to a corrections officer employed by Sheriff Mortimer. The corrections officer issued a written receipt for the process showing receipt on January 27, 1986, "for Arlo Mortimer, Sheriff". The summonses and complaints were placed in the "in basket" and the following day another deputy picked them up for service. Sheriff Mortimer stated his affidavit was made for the purpose of showing the summonses and complaints were received in his office by an employee "during the normal course of business". The affidavits from the Meade County Sheriff's office established essentially the same facts except the summons and complaint were delivered in that County to a deputy sheriff instead of a corrections officer and no written receipt was given. The question becomes one of whether a jailer or deputy sheriff employed by the sheriff for purposes other than serving civil process may accept delivery of process on behalf of the sheriff.

We have previously recognized that a deputy's authority in performing duties with respect to the service of process is derived from his relationship with his principal, the sheriff. *Axtell v. Rooks,* 39 S.D. 31, 162 N.W. 751 (1917). Even though a deputy employed by the sheriff actually serves the summons and complaint, it is the sheriff who is employed to serve the process and it is not material whether the sheriff performs the duties in person or performs them through a deputy. *Williamson v. Lake County,* 17 S.D. 353, 96 N.W. 702 (1903). When the deputy is acting under an appointment made by the sheriff, the deputy's services are binding on third parties and even though a deputy may serve the process, in the contemplation of the law, the process is served by the sheriff. *Id.* 96 N.W. at 703. We see no reason to fashion different rules of agency for those employees receiving process and those serving process on behalf of the sheriff.

Although there are no statutes specifically authorizing deputies, jailers or other employees to serve or accept delivery of process on behalf of the sheriff, SDCL 7-12-9 authorizes the appointment of such deputies, jailers and clerks as are necessary for the prompt dispatch of the business in the office of the sheriff. The statute does not restrict the duties such employees may perform. If appointments are made, the sheriff is responsible for the acts of each such deputy, jailer and clerk in the performance of the duties of the office. SDCL 7-12-11.

Sheriffs as employers may authorize their employees to perform acts on their behalf. Every act that may be legally done by a principal may be done by the agent of that person. SDCL 59-3-1. Clearly deputies, jailers and clerks may be agents of the sheriff with authority to carry out the business of the office of sheriff. The authorization to employ sheriff's office employees to carry out the business of that office necessarily includes the power of the sheriff to authorize employees to accept delivery of process as agents of the sheriff. The January 27th receipt of the summonses in the normal course of business by the deputy and jailer employed

---

5. The trial court's conclusion implicitly assumes that the jailer and deputy who received the summonses on January 27, 1986, were not authorized to serve them. There is no evidence in this record to establish that the jailer and deputy who accepted delivery of the summonses were not authorized to serve civil process. The evidence merely indicates they did not in fact serve the summonses. For purposes of this decision, we may, however, assume that they were not specifically authorized by the sheriffs to serve the summonses.

by their respective sheriffs to carry on the business of their offices, constituted delivery to the sheriff.

SDCL 15–2–31 only requires delivery to the sheriff or other officer of the county. It does not require delivery to the particular deputy assigned to serve the process in question. Store's construction of this statute requiring delivery to the sheriff himself or the deputy who actually serves the process would lead to absurd results. Such a construction would emasculate the authority given county commissions and sheriffs in SDCL 7–12–9 and 11 to hire deputies, jailers or clerks to perform the duties of the office. It would prohibit the sheriff from appointing employees to receive or serve process and from performing other clerical or ministerial duties.

Store also contends that delivery to the respective sheriffs' offices at 7 o'clock p.m. was not effective since it was made after "business hours" on January 27, 1986. Store argues that because delivery was not made until after business hours, delivery was not effective until the next "business day".

SDCL 15–6–6(a) provides:

In computing any period of time prescribed or allowed by this chapter, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or legal holiday, in which event the period runs until the *end* of the next *day* which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. (emphasis supplied)

Initially it must be observed that this statute does not extend the time period to the end of the next business day. It merely refers to the end of the next "day" which is not a Saturday, Sunday or legal holiday. SDCL 2–14–2(7) provides that unless the context otherwise plainly requires, the word "day" shall mean the period from midnight to midnight. Meisel delivered the summonses to the sheriffs' offices before midnight on January 27.

Store's assumption that the Legislature has established official "business hours" for sheriffs' offices is incorrect. Although the Legislature has established official business hours for the offices of county auditor, treasurer and register of deeds, those business hours are only minimums. *See* SDCL 7–7–2. Furthermore, although establishing minimum business hours for those county offices, the Legislature has not established any official business hours for the office of sheriff.

There being no official business hours for the office of sheriff, and a "day" being the time period from midnight to midnight, delivery of the summons to the sheriffs' offices at 7 p.m. was delivery on January 27 within the meaning of SDCL 15–6–6(a). We hold that receipt of the summonses in the normal course of business by duly appointed sheriffs' office employees at 7:00 p.m. on January 27, 1986, constituted delivery to the sheriffs or other officers within the meaning of SDCL 15–2–31. Meisel's action was timely commenced.

Meisel has moved for attorney fees and certain costs which were incurred in this appeal. It is well settled that in the absence of a statute or rule or some agreement expressly authorizing the taxing of attorney fees in addition to ordinary statutory costs, such item of expense is not allowable. *Lowe v. Steele Construction Company*, 368 N.W.2d 610, 614 (S.D.1985). Meisel has cited no statute, rule or agreement allowing attorney fees in this appeal. Furthermore, the costs requested relate to expenses not authorized by SDCL 15–30–6. Meisel's Motion for attorney fees is denied.

We reverse and remand for further proceedings.

All the Justices concur.

ZINTER, Circuit Judge, sitting for HENDERSON, J., disqualified.