current situation comfortably fits within the rule as all plaintiffs have filed EEOC charges alleging retaliation, one plaintiff's EEOC charge alleged both retaliation and racial discrimination and the complaint alleges both. Therefore, all of the allegations in the complaint which are within the appropriate time frame covered in plaintiffs' EEOC charges are properly before the Court.

■ With regard to plaintiff Roy George's claims of retaliation based on the written reprimands he received in December 1988 and March 1989, this Court has held that "mandating the return of employees to the administrative agency each time a new claim of discrimination arises constitutes a needless procedural barrier." *Jones*, 587 F.Supp. at 1537. Therefore, defendant's arguments with regard to these claims are likewise meritless. Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiffs' first amended complaint be and it is denied as moot.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment, which the Court has construed as a motion to dismiss plaintiffs' Title VII claims and plaintiff George's claims arising out of reprimands in December 1988 and March 1989, be and it is denied.

Gene N. Lebrun, Lynn, Jackson, Shultz & Lebrun, Rapid City, S.D., for plaintiff.

Thomas E. Simmons, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION

BATTEY, District Judge.

Pending is defendant's motion to dismiss plaintiff's complaint because he was served with the summons and complaint outside the limitations period. This is a diversity action alleging personal injury arising out of a car accident on June 14, 1986. The applicable statute of limitations is three years. SDCL 15–2–14(3).

The facts of service are not disputed. On June 13, 1989, Mr. Simmons, plaintiff's attorney, faxed copies of the summons and complaint to Attorneys Legal Leggs, Inc. of New Orleans, Louisiana. Attorneys Legal Leggs, Inc. received the pleadings on June 13, 1989. Mr. Simmons understood that Attorneys Legal Leggs, Inc. was a

**Les SCHEBO, Plaintiff,**

v.

**Robert C. LADERER, Defendant.**

Civ. No. 89–5069.

United States District Court, D. South Dakota, W.D.

Sept. 18, 1989.

private process server which would direct an elector of the Parish of Orleans, State of Louisiana, to serve the summons and complaint upon defendant at his last-known address of Touro Infirmary, 1401 Foucher, New Orleans, Parish of Orleans, Louisiana. Defendant was duly served on June 19, 1989. However, the return of service revealed that defendant resided in, and was served at, his residence in St. Tammany Parish. Defendant was not served by an elector of St. Tammany Parish. In order to cure this perceived defect, Mr. Simmons contacted Attorneys Legal Leggs, Inc. and asked that it direct an elector of St. Tammany Parish to serve defendant. Pursuant to Mr. Simmons' request, defendant was served on August 11, 1989, at his residence by an elector of St. Tammany Parish.

■ In a diversity action, state law determines when an action is commenced in order to compute the statute of limitations. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Fischer v. Iowa Mold Tooling Co.*, 690 F.2d 155 (8th Cir.1982). Under South Dakota law, service of a summons on the defendant generally commences an action. SDCL 15-2-30. South Dakota law authorizes a summons to be served by

> the sheriff or a constable of the county or other comparable political subdivision where the defendant may be found, or in the District of Columbia by the United States marshal or one of his deputies, or by any other person not a party to the action who at the time of making such service is an elector of the county or other comparable political subdivision in which such service is to be made.

SDCL 15-6-4(c). The statute of limitations may be extended by sixty days "when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided[.]" SDCL 15-2-31. In order to receive the benefit of the sixty-day extension, the summons must be delivered to the sheriff or other officer of the county before the statute of limitations runs. *Meisel v.*

*Piggly Wiggly Corp.*, 418 N.W.2d 321 (S.D. 1988).

■ Plaintiff argues that defendant was served within the limitations period as extended by SDCL 15-2-31. He first cites the Court to the language in SDCL 15-2-31 referring to delivery of the summons to the "sheriff or *other officer of the county.*" (Emphasis by plaintiff). Then plaintiff cites SDCL 15-6-4(c), which authorizes an "elector of the county" to serve a summons. Plaintiff argues that "it seems 'self-evident' that such an elector unquestionably qualifies as an 'other officer of the county' within the meaning of that terminology as utilized in SDCL 15-2-31." Plaintiff's Resistance, p. 2. Plaintiff does not cite any authority for his argument.

The Court begins its analysis with reference to general rules of statutory construction. SDCL 2-14-4 states that "[w]henever the meaning of a word or phrase is defined in any statute such definition is applicable to the same word or phrase wherever it occurs except where a contrary intention plainly appears." The word "elector" is defined in SDCL 12-1-3(7) to mean "a person qualified to register as a voter, whether or not he is registered." It does not plainly appear that any other definition of "elector" was intended by the legislature when it enacted SDCL 15-6-4(c).

SDCL 2-14-1 states the general rule that words in a statute are given their ordinary meaning. The ordinary meaning of the words "officer of a county" is the person who is appointed or elected to hold county office and thereby wield governmental authority, as that office and authority are defined by law. *See Seymour v. Western Dakota Voc. Tech. Institute*, 419 N.W.2d 206 (S.D.1988); SDCL 3-1; SDCL 3-14-5. The question then is, what county officer, other than the sheriff, is authorized to serve process? The Court has identified only two: constables and police officers. Constables of organized and unorganized counties are appointed by the board of county commissioners for a term of office and are authorized to serve process. SDCL 7-13-1, to 7-13-4; SDCL 9-29-20. Municipal police officers are appointed by

the governing municipal board and, in municipalities located in more one county, have the same authority as constables to serve process. SDCL 9–14–1, 9–14–26; SDCL 9–29–19.

The undisputed facts show only that defendant was served by a private process server who was an elector of the county where defendant resided. These facts would be sufficient to withstand defendant's motion if defendant had been served within the limitations period. SDCL 15–6–4(c). Since he was not, plaintiff has the burden of proving that defendant was served by the sheriff or other officer of St. Tammany Parish with the authority to serve process. *Richardson v. Volkswagenwerk, A.G.*, 552 F.Supp. 73 (W.D.Mo. 1982). Plaintiff has not met his burden. Plaintiff's statement that it is "self-evident" that an elector qualifies as an "other officer of the county" is a desperate argument, contrary to all statutory and case law on the subject. Therefore, plaintiff cannot benefit from the sixty-day extension in SDCL 15–2–31.

In addition to the authority cited above, this conclusion is supported by the general rule of statutory construction that "terms of a statute relating to a particular subject will prevail over general terms of another statute." *Meyerink v. Northwestern Pub. Serv. Co.*, 391 N.W.2d 180, 184 (S.D.1986) (citations omitted). Here, the general statute relating to service is SDCL 15–6–4(c); the particular statute, defining when service is effective after the limitations period, is SDCL 15–2–31. From the many who can serve during the limitations period, only a few can serve after the limitations period. The Court did not find a discussion in the case law or elsewhere about why the South Dakota Legislature allows only sheriffs or other authorized county officers to serve process in the sixty days after the limitations period. However, such restriction would be a reasonable public policy decision based on a perception that as the end of the limitations period approaches the possibility of fraudulent returns increases. Limiting service by the sheriff or other authorized county officer can be interpreted as a reasonable attempt to limit those possibilities.

Plaintiff's position also does not withstand analysis in light of *Meisel v. Piggly Wiggly Corp.*, 418 N.W.2d 321 (S.D.1988). The issue in *Meisel* was whether or not delivery for service of a summons and complaint to a deputy sheriff or a jailer, whose duties do not include service of process, is delivery to the sheriff in order to extend the statute of limitations. The Supreme Court of South Dakota discussed the issue in depth, concluding that agency principles and various statutes justify resolving the issue in favor of extending the limitations period. *Meisel's* conservative approach to construing SDCL 15–2–31 strongly suggests that the South Dakota Supreme Court would not define the term "other officer of the county" to include "elector."

Plaintiff also argues that a cross-reference under SDCL 15–2–31 which states, "Officer by whom summons served, § 15–6–4(c)" supports his argument that an "elector" is an "officer." But that cross-reference is more reasonably interpreted to define "officer" in SDCL 15–2–31 by reference to the language in SDCL 15–6–4(c) which permits a summons to be served "by the sheriff or a constable of the county or other comparable political subdivision where the defendant may be found, or in the District of Columbia by the United States marshal or one of his deputies."

Based on the foregoing, the Court will enter an order granting defendant's motion to dismiss.